## COONS v. SEELIGER. (No. 7001.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 10, 1923.)

**Venue ☞7—Action held on contract, and not for fraud, and not maintainable in county other than that of defendant's residence over his protest.**

A petition alleging that defendant, after wrecking plaintiff's automobile, promised to pay for repairs necessary, but after repairs were made refused to pay, *held* to state a cause of action on an oral contract, and not for fraudulent representations, and not maintainable in a county other than that of defendant's residence over his protest.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Action by R. L. Coons against W. E. Seeliger, wherein defendant filed a plea of privilege. From a judgment sustaining such plea and ordering a transfer of the cause, plaintiff appeals. Affirmed.

Davis & Wright, of San Antonio, for appellant.

C. F. Richards, of Lockhart, for appellee.

FLY, C. J. Appellant alleged that appellee was a resident of Caldwell county, and that he had negligently, in Comal county, run his automobile into and against the automobile of appellant, and had wrecked the same, and that on the next day, in Bexar county, Tex., appellee had promised appellant to pay for whatever repairs were necessary on the wrecked car, and, relying upon said promise, appellant had expended the sum of $600 in repairs, but appellee refused to pay the same. Appellee filed a plea of privilege to be sued in Caldwell county, and the court sustained it, and ordered a transfer of the cause to that county.

Appellant claims the right to sue appellee in Bexar county because appellee had perpetrated a fraud in promising in that county to pay the repairs on the automobile. The allegations make out an action on an oral contract, and not one for damages arising from fraudulent representations. Mere failure to pay an account, although an express promise was made to pay, would not be sufficient to show such fraud as would deprive a defendant of the valuable right to be sued in his own county. This is a suit on an oral contract for the payment of repairs on an automobile amounting to $600, and no actionable fraud was alleged to have been committed in Bexar county. The suit could not be maintained in any other county than the county of appellee's residence over his protest. Dowell v. Long (Tex. Civ. App.) 219 S. W. 560.

The judgment is affirmed.