### J. H. BAINES v. MENSING BROS. & CO.

#### No. 2765.

1.     **Venue—Breach of Parol Contract.** — A parol contract to be performed in Shelby County by appellees, whose residence was in Galveston, was broken. Suit was brought upon its breach in Shelby County.     *Held,* that a demurrer to the jurisdiction should be sustained.     The case does not come within the exceptions in Revised Statutes, article 1198, section 5.

2.     **Pleading— Fraud.**—A plaintiff by abundant allegations can not enlarge a simple breach of contract into a fraudulent conspiracy, so as to confer jurisdiction over the defendants upon the court of the place of the contract.

3.     **Same.**—In alleging fraud specific allegations of the acts relied upon as fraudulent must be made.     See allegations held insufficient.

APPEAL from Shelby.     Tried below before Hon. James I. Perkins. The opinion states the case.

*Drury Field* and *E. B. Wheeler*, for appellant. — 1. The plaintiff's petition is good in law to support the jurisdiction of the court.     The petition shows that the appellees acted fraudulently in respect to appellant, inducing him by fraudulent representations and promises to change his business house in the city of Galveston and commence business with appellees, on which promises and representations appellant relied and was deceived by appellees, who totally failed to comply with their contract, and damaged appellant twenty-five hundred dollars actual damages in his business as a cotton buyer, and that said contract was made in Timpson, Shelby County, Texas, was to have been performed in Timp-

son, Shelby County, Texas, and was violated by appellees in Timpson, Shelby County, Texas.

2.   The District Court of Shelby County, under the allegations of plaintiff's petition, had jurisdiction over the persons and subject matter alleged by appellant, because appellant charges fraud on the part of appellees, which gave the District Court of Shelby County jurisdiction over the subject matter of this suit, and the court erred in sustaining appellees' exceptions.   Freeman v. Kuechler, 45 Texas, 597; Evans v. Mills, 16 Texas, 196; Railway v. Hill, 63 Texas, 384; Watson v. Baker, 67 Texas, 48; Phillio v. Blythe, 12 Texas, 127; Raleigh & Heidenheimer v. Cook, 60 Texas, 438.

*G. W. Davis,* for appellees. — 1.   The plea to the jurisdiction was properly sustained.   Rev. Stats., art. 1198; Freeman v. Keuchler, 45 Texas, 598; Gray v. Osborne, 24 Texas, 158; Id., 283; Illies v. Knight, 3 Texas, 315; Austin v. Talk, 20 Texas, 165; Railway v. Shirley, 54 Texas, 141, 147; Travis v. Duffau, 20 Texas, 56; Edwards v. Dickson, 66 Texas, 613; Gallagher & Mason v. Brunell, 6 Cow., 350; Randall v. Hazleton, 12 Allen, 412; Markel v. Mondy, 11 Neb., 213.

2.   As a whole the judgment of the court is correct.   No error of record being shown, the same ought to be affirmed.   Cook v. Hancock, 20 Texas, 3; Craig v. Marx & Kempner, 65 Texas, 654; Holman v. Chevallier, 14 Texas, 340; Ponton v. Bellows, 13 Texas, 254; Borden v. Houston, 2 Texas, 598.

COLLARD, JUDGE.—We have carefully examined the petition in this case and fail to find any averment of fraud on the part of appellees that would justify an action for damages.   The petition first shows that Mensing Bros. & Co., of Galveston, entered into an agreement with plaintiff, the appellant, to supply him with money to buy cotton at Timpson, in Shelby County, to pay off all his debts, and to enable him to carry on his mercantile business at that place during the season commencing on the first of October, 1886, and ending the last of April, 1887; that at the time the agreement was entered into he informed defendants' agent that he had arrangements with a house in Galveston, who had furnished and would furnish him all the money he needed in his business.   He further alleged that defendants agreed to handle the cotton he was to ship to them under the contract at $1.25 per bale, which was 25 cents less than his house in Galveston charged him.   The petition further shows that he stopped business with his former house and commenced with defendants under the contract; obtained from them $2500; expended $1300 of it in buying cotton, at which time, only twelve days after the contract was made, one of the Mensings came to him and demanded of him the return of the money not expended; that he protested, declaring it would ruin him, but

that he was finally compelled by the persistent demand of defendants to return the balance of the sum advanced, $1145; that he would have bought during the season 500 bales of cotton, and would have made a profit of $5 per bale, and so by the failure of defendants to comply with their contract he was damaged $2500.   It is alleged that the agreement was made by a verbal proposition on the one side, and so accepted on the other, and that the advances were to have been made at plaintiff's place of business in Shelby County.   So far the suit is for actual damages claimed to be the result of a breach of the contract on the part of the defendants.   Of the merits of the suit for such damages we need not express any opinion.

Following the foregoing is an allegation that defendants " wantonly and maliciously" violated their contract, and " that defendants confederated together to induce plaintiff to make the contract with the fraudulent intent to ruin him, break up his business, and destroy his credit, and that their acts were done in the furtherance of a scheme devised by them to ruin him, and as a result he was vexed and harrassed with attachment suits, which required him to pay out large sums of money in attorney fees in defending these suits, to-wit, $1200."   The prayer is for $2500 actual and $10,000 vindictive damages.   The court upon exceptions dismissed the suit for want of jurisdiction of the persons of defendants.

Appellant insists that the court had jurisdiction because the contract was to be performed in Shelby County, and therefore a breach of it gave him the right to sue in Shelby County.   This is the correct doctrine. Durst v. Swift, 11 Texas, 277.   But the contract in this case, if it could bear the construction that it was, to be performed in Shelby County—a question we will not discuss—is not a *written* obligation, and therefore does not come within the exception provided in the statute in such cases. Rev. Stats., art. 1198, subdiv. 5.

The appellant insists that because the petition sets up fraud on the part of defendants they could be sued in the county where the fraud was committed, as provided in subdivision 7 of the article cited above.   The reply to this is, that the petition does not set up actionable fraud; it fails to state in what the fraud consists; no fraudulent act is designated; no device, trick, or covenous scheme is specified from which fraud actual or constructive can be inferred.   The petition alleges substantially that plaintiff had a very advantageous contract with defendants, advantageous to him, which they refused to perform.   The facts he sets up can amount to nothing more.   The general averment that they induced him to make the contract with a fraudulent intent to ruin his business, and that the breach of it by them so crippled him that attachment suits were brought against him, or that their acts were done in the furtherance of a scheme to ruin him and break down his credit, is not sufficient; they do not set up fraud in a legal sense.   Merely to characterize an act as fraudulent

does not make it a good allegation of fraud.    The breach of the contract under the circumstances in which plaintiff was placed—owing debts and having no money of his own with which to discharge them—may have embarrassed his business; it may have moved his creditors to press their claims for payment, to attach his property, and put him to great trouble and inconvenience; but still it was nothing more than a breach of contract at last; no amount of mere denunciation of it as a fraud could make it so.    The facts constituting the fraud must be alleged.    If the failure of defendants to comply with the alleged agreement constituted a fraud because it was so denominated by the petition, and because it resulted disastrously to plaintiff's business, there is no reason why the breach of any contract, the failure to pay a promissory note at maturity, would not be fraudulent, or made so by mere abstract allegation.    Neill v. Newton, 24 Texas, 202; Freemen v. Keuchler, 45 Texas, 592; Graham v. Roder, 5 Texas, 147; Bracken v. Neill, 15 Texas, 114; Blankenship v. Berry, 28 Texas, 449.    So we conclude that the charge of fraud made in the petition, in the absence of alleged facts constituting fraud, was not sufficient under the statute to give the court jurisdiction of the persons of defendants.

Where there is fraud and the suit relates to it and asks relief from its effects, and it is properly alleged, then the suit may be brought in the county where the fraud was committed, as has been done in several cases. See Watson v. Baker, 67 Texas, 49; Raleigh v. Cook, 60 Id., 440.

Appellant assigns as error the judgment of the court against plaintiff and the sureties on his cost bond for the costs of suit, the court by its own judgment having no jurisdiction of the parties.

We deem it sufficient to say in reply to this that the court had the power to enter the orders of dismissal, and in favor of the successful party for all costs.    Rev. Stats., art. 1422.    A party can not attempt to invoke the jurisdiction of a court by a suit and say he is exempt from the costs of the proceeding on the ground that the court had no jurisdiction.

We conclude that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted November 26, 1889.