A. McLAUGHLIN v. J. P. SHANNON & Co.

No. 736.

**Venue—Fraud as Conferring Jurisdiction.**—The fraud which, under the seventh exception to article 1198 of the Revised Statutes, will authorize a defendant to be sued out of the county of his residence, means fraud in reality, and an ordinary refusal by the defendant to comply with his contract is not such fraud as comes within the meaning of this statute.

APPEAL from the County Court of Eastland. Tried below before Hon. D. K. SCOTT.

*J. H. Calhoun*, for appellant.—When a defendant pleads his privilege of being sued in the county of his domicile, if the plaintiff relies on fraudulent acts of said defendant concerning the subject matter of the suit, committed in a county other than that of his domicile, to give a court of such other county jurisdiction, it is not sufficient that the plaintiff should merely characterize the actions of defendant as fraudulent; but he must sufficiently and clearly plead and set up an actionable fraud committed in such other county by the defendant, and must prove the same; and it must further appear that the principal cause of the action is some fraudulent act, or that the suit is brought to set aside some fraudulent transaction.   Cameron v. Webb, 3 Willson's C. C., sec. 418; Hilliard v. Wilson, 76 Texas, 180; Baines v. Mensing Bros. & Co., 75 Texas, 200; Henderson v. Kissam, 8 Texas, 46; Freeman v. Kuechler, 45 Texas, 592.

No brief for appellees has reached the Reporter.

HEAD, Associate Justice.—Appellant, who resides in Lamar County, in July, 1889, ordered from appellees, by telegram and letter, five cars of wheat, for which he was to pay, f. o. b. at Eastland, 78 cents per bushel. The shipment of the wheat was delayed sometime, and when it reached Paris appellant refused to receive it under the contract, claiming it not to be in compliance with the sample.   J. P. Shannon, one of the appellees, went to Paris, and after some negotiation with appellant, it was agreed that the latter should take the wheat at a reduced price.   Appellant received the wheat under this arrangement, and paid therefor according to his weights, but appellee, not being satisfied with the amount paid, instituted this suit in the County Court of Eastland County, alleging a fraudulent conversion of the wheat in that county, and claiming a balance of $176.42 due them for the wheat, and $200 as exemplary damages.

Appellant answered, (1) by a plea to the jurisdiction of the court, upon the ground that the amount in controversy was fraudulently alleged by appellees to be more than $200, for the purpose of conferring jurisdiction upon the County Court; (2) by a plea of his privilege to be sued in Lamar County, it being the county of his residence, and specifically denying that the case came within any of the exceptions which, under the statute, would deny him the right of being sued in that county; (3) by general denial and special answer to the merits.   No objection was made in the court below to the order in which these pleas were filed, and after hearing the evidence upon the special pleas above indicated, the court below overruled them both, and upon the merits gave judgment in favor of appellees for $136.74.

Appellees in their petition seek to deprive appellant of his right to be sued in the county of his residence under the seventh exception in article

1198 of the Revised Statutes, which is as follows: "In all cases of fraud, and in cases of defalcation of public officers, in which cases suit may be instituted in the county in which the fraud was committed, or where the defalcation occurred, or where the defendant has his domicile."

We are, however, clearly of opinion that there is no evidence in this record to sustain the finding of the court, that appellant was guilty of fraud such as is contemplated by this statute, in Eastland County. It is settled by the decisions in this State, that the fraud intended by this statute must be shown both by the allegations and the evidence; and it means fraud in reality, and not mere vehement asseverations in pleading in general terms that fraud existed. Freeman v. Kuechler, 45 Texas, 592; Baines v. Mensing Bros. & Co., 75 Texas, 200. By appellees' own testimony it appears, that appellant was at no time in Eastland County in connection with this transaction, and if any fraud was perpetrated by him at all, it must have been in Lamar County. Under appellees' own allegations and evidence, it appears to be only an ordinary refusal on the part of appellant to comply with his contract. In such case he has a right to be sued in the county of his residence.

As the case was tried in the court below without a jury, and all of the evidence is brought before us in a statement of facts, we are of opinion that the judgment of the court below should be reversed and judgment here rendered that appellees take nothing by this suit; this judgment, however, to be without prejudice to their right to institute a suit upon the same cause of action in the county of appellant's residence, should they see proper to do so.

*Reversed and rendered.*

Delivered April 6, 1893.