OAKES & WITT v. W. B. THOMPSON.

Decided January 1, 1910.

**1.—Venue—Fraud—Pleading.**

Mere reiterations of fraud cannot alter the real nature of the suit as shown by the facts alleged, nor defeat a plea of privilege, otherwise well taken, to be sued in the county of defendant's residence.

**2.—Plea of Privilege—Appeal.**

The fact that a judgment sustaining a plea of privilege is not a final judgment is not ground for dismissing an appeal therefrom since the Act of 1907 (Gen. Laws, 1907, p. 248) expressly provides that an appeal may be taken in such cases.

Appeal from the District Court of Potter County. Tried below before Hon. J. N. Browning.

*Reeder, Graham & Williams,* for appellants.—A suit brought for the recovery of a money judgment in a county other than the residence of the defendant is maintainable in the county where brought as against a plea of privilege of being sued in the county of defendant's residence, where the plaintiff's pleadings allege in substance that the cause of action is for damages arising under an agreement, made in the county where the suit is brought, by the defendant for services and expenditures of money by the plaintiff, said agreement having been made by the defendant with the deliberate and fraudulent design of inducing the plaintiffs to perform said services and expend said money for his benefit with no intention on the defendant's part, at the time of making said agreement of compensating plaintiffs therefor, allegation being further made by plaintiffs that said services were performed and expenditures made in pursuance of and relying upon said agreement, and damages to plaintiff resulting therefrom. Terrell v. Winter, 42 Texas Civ. App., 598; Hunt County Oil Co. v. Scott, 28 Texas Civ. App., 213; Peach River Lumber Company v. Ayers, 41 Texas Civ. App., 334; Howe Grain and Mercantile Co. v. Galt, 32 Texas Civ. App., 193; Baldwin v. Richardson, 39 Texas Civ. App., 348, 406; Rotan v. Maedgen, 24 Texas Civ. App., 558; Trinity Valley Trust Co. v. Stockwell, 81 S. W., 793.

*J. E. McCarty,* for appellee.—The court did not err in sustaining defendant's demurrer to the venue of said cause of action in the District Court of Potter County, Texas, and transferring same to the

District Court of Erath County, Texas, because the pleadings of the plaintiff with regard to this issue of the case is susceptible of no other construction, other than that the defendant's offense, if any, was the. failure to pay a debt or the failure to comply with a civil contract made in Potter County, Texas, neither of which was in writing. Baines v. Mensing Bro., 75 Texas, 203; McLaughlin v. Shannon & Co., 3 Texas Civ. App., 136.

CONNER, CHIEF JUSTICE.—As finally cast by the pleadings, this was a suit by appellants to recover from appellee the sum of one thousand dollars, the alleged value of certain personal services for which appellee promised to pay in Potter County by a certain time, or to execute therefor promissory notes payable in Potter County. Appellee resided in Erath County and the court sustained his plea of privilege to be sued in the county of his residence.

Appellants insist that the District Court of Potter County had jurisdiction under the seventh clause of Revised Statutes, article 1194, because of their averments that appellee made the promises stated with fraudulent intent to thereby defeat appellants from any recovery. But we think this case distinguishable from the case of Hunt County Oil Co. v. Scott, 28 Texas Civ. App., 213 (67 S. W., 451) and others cited by appellants, and agree with the conclusion of the trial court to the effect that mere reiterations of fraud can not alter the real nature of the suit as shown by the facts alleged, or defeat a plea of privilege otherwise well taken. See Baines v. Mensing Bros., 75 Texas, 203; McLaughlin v. Shannon, 3 Texas Civ. App., 136 (22 S. W., 117).

The suggestion that the judgment is not final is not available in view of the Act approved April 18, 1907 (see General Laws, 1907, page 248), which expressly declares that nothing in the Act shall preclude appeals in cases such as this.

We conclude that all assignments should be overruled and the judgment affirmed.

*Affirmed.*