### DOWELL v. LONG. (No. 2238.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 26, 1920.)

VENUE &#9750;17—ACTION ON PAROL CONTRACT WAIVING FRAUD MUST BE BROUGHT IN COUNTY OF DEFENDANT'S RESIDENCE.

Broker's action for commissions due under an oral contract could not, over defendant's objection, be maintained in a county other than that of the defendant's domicile, under Vernon's Ann. Civ. St. 1914, art. 1830, notwithstanding that he had been guilty of fraud; since, by suing on the contract instead of for damages for fraud, plaintiff waived the fraud as a fact fixing the venue of the suit under the seventh exception specified in such statute.

Appeal from Delta County Court; J. B. Lane, Judge.

Suit by J. H. Long against C. L. Dowell. From judgment overruling defendant's plea of privilege defendant appeals. Reversed, and judgment sustaining plea of privilege rendered.

Appellee's suit against appellant was commenced in the county court of Delta county.

It was to recover $340, which appellee claimed appellant owed him for services as a real estate agent under a contract whereby he undertook to find purchasers for certain land owned by appellant. The domicile of the latter was in Hunt county, and by a plea duly filed he asserted a right he claimed to have the suit prosecuted in that county instead of in Delta county. Appellee controverted the plea, alleging that his cause of action against appellant was for fraud committed by the latter in Delta county, and therefore was within the seventh exception specified in article 1830, Vernon's Statutes, declaring that "No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile." According to the allegations in the answer controverting appellant's plea, the fraud he was guilty of consisted of his conduct in refusing to convey the land to purchasers appellee found, in falsely representing as a reason for such refusal that he had decided not to sell the land, and in thereafter selling same himself. The appeal is from a judgment overruling appellant's plea "on the ground of fraud," it is recited, "committed by him in Delta county, Tex., as alleged in plaintiff's pleading."

Newman Phillips, of Cooper, for appellant.
L. L. James, of Cooper, for appellee.

WILLSON, C. J. (after stating the facts as above). We need not determine whether it appeared from the allegations in appellee's pleadings, as the trial court found it did, that appellant had committed actionable fraud in Delta county (Oakes v. Thompson, 58 Tex. Civ. App. 364, 125 S. W. 320), for appellee's suit was not for fraud committed by appellant. It was, instead, a suit on a contract by the terms of which, he alleged, appellant was indebted to him in the sum of $340. That being the character of the suit, if the contract was not in writing, and it was not pretended that it was, it could not, over appellant's objection, be maintained in any other county than the one in which he had his domicile. Neal v. Barbee, 185 S. W. 1059, where the court said:

"Where * * * a party elects to sue on his contract rather than for his damages for fraud, * * * he waives the fraud * * * as a fact fixing the venue of his suit."

The judgment will be reversed, and judgment sustaining appellant's plea of privilege and directing the clerk of the county court of Delta county to make up a transcript of all the orders made in the cause, certify officially thereto under the seal of said court, and transmit the same, with the original papers in the cause, to the clerk of the county court of Hunt county, will be here rendered.