### LATSHAW v. McLEAN.    (No. 9689.)

(Court of Civil Appeals of Texas.    Fort Worth.
Jan. 21, 1922.)

1. **Pleading**  ⊜⊃111—**The burden was upon plaintiff to introduce proofs sustaining his affidavit controverting defendant's plea of privilege.**

Where defendant filed a plea of privilege to be sued in the county of his residence, negativing the existence of any fact which would authorize suit in any other county, the plea being in proper statutory form, and duly verified, the burden was upon plaintiff to support his controverting affidavit, in view of Vernon's Ann. Civ. St. Supp. 1918, art. 1903.

2. **Pleading**  ⊜⊃111—**Although plaintiff failed to offer proof supporting his affidavit controverting defendant's plea of privilege, defendant may admit the truth of plaintiff's petition.**

Notwithstanding plaintiff's failure to offer proof to support his affidavit controverting defendant's plea of privilege, the defendant may, for the purpose of a determination of the merits of the plea of privilege, admit the truth of all the allegations contained in plaintiff's petition.

3. **Venue**  ⊜⊃8—**If a contract was made without intention to perform, it would not authorize suit in county other than that of defendant's residence on ground of fraud.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 1, provides that no inhabitant of the state shall be sued out of the county of his domicile, while subdivision 7 creates an exception by providing that a suit may be instituted in the county in which a fraud was committed; but the last subdivision does not authorize a suit in the county other than that of defendant's residence for breach of a contract on the alleged ground that it was made without intention to perform it, and hence was fraudulently made.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by O. E. Latshaw against W. P. McLean, Jr. From a judgment sustaining the defendant's plea of privilege to be sued in the county of his residence, the plaintiff appeals. Affirmed.

Burkett, Anderson & Orr, of Eastland, for appellant.

Levy & Evans, of Ranger, and McLean, Scott & McLean, of Fort Worth, for appellee.

DUNKLIN, J.  This appeal is by O. E. Latshaw, plaintiff in the trial court, from an order sustaining the defendant's plea of privilege to be sued in Tarrant county, the place of his residence, the suit having been instituted in Eastland county.

In plaintiff's petition it was alleged that defendant resided in Tarrant county, but the cause of action stated was to the following effect: Plaintiff was employed as a driller, and was engaged in drilling a well for the discovery of oil and gas upon a tract of land consisting of 757 acres, known as the Norwood tract, situated in Eastland county, which well was finally finished under plaintiff's supervision. Defendant and his associates had purchased a one-half interest in the royalty reserved by the owner of the land in all oil that might be produced from the Norwood tract, and defendant approached the plaintiff while the latter was engaged in said drilling operations, and proposed to plaintiff that, if plaintiff would, from time to time, as the drilling operations progressed, furnish defendant with reliable information regarding the condition and progress of the well while being drilled, he (the defendant) would give to plaintiff a $1,000 interest in such royalty so owned by the defendant and his associates. The plaintiff accepted said proposition, and furnished to the defendant the information desired. Defendant's purpose in making said arrangement was that he might be able to dispose of the interest of himself and associates in the royalty at an advantageous price. Plaintiff further alleged that at the time he made said agreement defendant did not intend to perform it, and that defendant's said offer also was made with the fraudulent purpose of obtaining said services from the plaintiff without paying any consideration therefor. Plaintiff further alleged that he relied upon the agreement so made by the defendant, and but for the same would not have performed the services he did perform. Plaintiff further al-

leged that, by reason of the information so furnished by him, the defendant received large profits from the royalty which he would not have received but for the information so given.

Plaintiff further alleged in the petition that the compensation so agreed to be paid to him was equivalent to the royalty on three and one-half acres of land, a vast amount of oil having been produced from the well so finished under plaintiff's supervision. It was further alleged that the proportionate part of the revenue already realized from the royalty which should have been apportioned to the plaintiff by virtue of the three and one-half acres interest so promised to the plaintiff has already amounted to $5,809, and that the present value of said three and one-half acres interest is $3,500 additional. Plaintiff prayed for a judgment against the defendant for the aggregate of those two sums, to wit, $9,309, as damages for the breach of defendant's alleged contract.

[1, 2] The defendant filed a plea of privilege to be sued in the county of his residence, to wit, Tarrant county, negativing the existence of any fact which would authorize the maintenance of the suit in any other county; in other words, the plea of privilege was in proper statutory form, and was duly verified. A controverting affidavit was filed by the plaintiff, but he introduced no evidence to overcome the allegations contained in the plea of privilege. The burden was upon the plaintiff to introduce such proof. Article 1903, Vernon's Tex. Civ. Statutes, 1918 Supp.; Ray v. Kimball (Tex. Civ. App.) 207 S. W. 351. Notwithstanding plaintiff's failure to offer such proof, the defendant, for the purpose of a determination of the merits of the plea of privilege, in open court admitted the truth of all the allegations contained in plaintiff's petition.

[3] Plaintiff sought to maintain the venue of the suit in Eastland county, under the provision of subdivision 7, art. 1830, Vernon's Sayles' Ann. Civ. St. 1914, which reads as follows:

"In all cases of fraud, and in cases of defalcation of public officers, in which cases suit may be instituted in the county in which the fraud was committed, or where the defalcation ocurred, or where the defendant has his domicile."

That subdivision is an exception to the first provision of article 1830, providing that no person who is an inhabitant of the state shall be sued out of the county in which he has his domicile. If the present suit had been merely to recover money or the value of property, of which plaintiff had been deprived by fraud and deceit practiced upon him, or if the suit had been to cancel a deed or contract, and therefore coming within the rule announced in C., T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39, and other cases following it, then perhaps it could be properly said that the cause of action asserted was for fraud and deceit, and therefore coming within the provisions of subdivision 7 of article 1830. But the whole petition shows that the suit was for damages for breach of contract. The allegations contained in the petition that the defendant entered into the contract with no intention to perform it did not add anything to the cause of action asserted. If defendant made the contract and breached it, his liability to the plaintiff for damages for such breach was just the same as if the contract had been made with no intention to perform. Baines v. Mensing, 75 Tex. 200, 12 S. W. 984; Neal v. Barbee (Tex. Civ. App.) 185 S. W. 1059; Oakes v. Thompson, 58 Tex. Civ. App. 364, 125 S. W. 320; McLaughlin v. Shannon, 3 Tex. Civ. App. 136, 22 S. W. 117; Sheffield v. Rousey, (Tex. Civ. App.) 153 S. W. 653; Dowell v. Long (Tex. Civ. App.) 219 S. W. 560.

For the reasons stated, the judgment of the trial court is affirmed.