**BEALE v. CHERRYHOMES et al.**
(No. 12181.)

Court of Civil Appeals of Texas. Fort Worth.
July 13, 1929.

Rehearing Denied Sept. 28, 1929.

C. L. Bass, of Fort Worth, for appellant. Hood & Shadle, of Weatherford, for appellees.

CONNER, C. J. This suit was instituted by appellant, B. F. Beale, against T. H. Cherryhomes and Ed Sewell to recover $5,000 as actual damages and $10,000 as exemplary damages, on the ground of alleged fraud on the part of defendant Cherryhomes, later adopted by defendant Sewell, in securing plaintiff's services in selling leasehold interests in certain lands on stipulated terms. It was alleged that the domicile of plaintiff was in Tarrant county, and that of each defendant was in Jack county.

The defendants in due time and form presented pleas of privilege to be sued in Jack county, in answer to which the plaintiff filed a controverting affidavit, which, so far as material, reads as follows:

"This is a case charging defendant, Cherryhomes, with committing a fraud against plaintiff, Beale, by reason of the following facts:

"(a. 1) About June 1st, A. D. 1926, while defendant Cherryhomes and plaintiff were in Tarrant County, Texas, defendant, Cherryhomes, represented to plaintiff that for services of plaintiff in bringing about negotiations described below, defendant, Cherryhomes, intended to hold for the benefit of, and deliver to plaintiff, not exceeding fifty cents (.50) per acre in excess of two ($2.00) dollars per acre, that might be received by defendant, Cherryhomes, for any oil and gas lease, or leases, that defendant, Cherryhomes, might make of all, or any part of parts, of a certain tract of about twenty-eight thousand (28,000) acres of land in Jack County, State of Texas.

"(a. 2) At the same time and place, defendant, Cherryhomes, further represented to plaintiff that defendant Cherryhomes intended to pay to plaintiff for services of plaintiff described below, a sum of money equal to not over fifty (.50) cents per acre, in excess of two ($2.00) dollars per acre, that might be received by defendant, Cherryhomes, for said lease or leases.

"(a. 3) At the same time and place, defendant Cherryhomes further represented to plaintiff that defendant Cherryhomes intended to pay to plaintiff the reasonable value of the services of plaintiff, described below. Plaintiff avers that such reasonable value was not exceeding fifty (.50) cents per acre so leased.

"(b) Said representations were, however, that defendant Cherryhomes intended to do as aforesaid, if plaintiff would bring about negotiations between defendant Cherryhomes and any other person, or persons, that resulted in defendant Cherryhomes receiving over two ($2.00) dollars per acre for said lease or leases.

"(c) Said representations, although false and material as defendant Cherryhomes well knew, were made by defendant Cherryhomes with the intention that plaintiff should bring about the negotiations.

"(d) Plaintiff believed and relied upon the representations, and was thereby, and only thereby, induced to, and plaintiff did, bring about negotiations, resulting in leases of ten thousand (10,000) acres of said land being made by defendant Cherryhomes, for over two ($2.00) dollars per acre.

"(e) In pursuance of such representations, plaintiff did bring about negotiations between defendant Cherryhomes and other persons that resulted in, defendant Cherryhomes receiving over two ($2.00) dollars per acre for said leases; but plaintiff has not received or been paid any money by reason of the aforesaid facts.

"The aforesaid wrongs done plaintiff by defendant Cherryhomes were wilfully and intentionally done to plaintiff and therefore resulted in exemplary damages to plaintiff in twice the sum of actual damages thereby caused plaintiff."

The foregoing quotation is a substantial copy of the first section or count in appellant's petition. In an alternative count the petition sets forth that:

"(a.) About June 1st, A. D. 1926, defendant Cherryhomes and plaintiff agreed one with the other that if plaintiff brought about said negotiations, defendant Cherryhomes would do as follows:

"(1) Defendant Cherryhomes would hold for the benefit of, and deliver to plaintiff not exceeding fifty (.50) cents per acre in excess of the two ($2.00) dollars per acre that might be received by defendant, Cherryhomes, from lease, or leases, so made;

"(2) Defendant Cherryhomes would pay to plaintiff a sum of money equal to not over fifty (.50¢) cents per acre in excess of two ($2.00) dollars per acre, that might be received by defendant, Cherryhomes, for said lease or leases;

"(3) Defendant Cherryhomes would pay to plaintiff the reasonable value of plaintiff's services in bringing about said negotiations. Plaintiff avers that the reasonable value was not exceeding fifty (.50¢) cents per acre so leased.

"(b) In pursuance of said agreement, plaintiff brought about negotiations resulting in leases of ten (10,000) thousand acres being made by defendant Cherryhomes for over two ($2.00) dollars per acre; but plaintiff has not received or been paid any money by reason of facts set out in this paragraph 111."

The court, upon a hearing of the plea of privilege, sustained the defendants' demurrers thereto and ordered the case transferred to Jack county, and this appeal has been prosecuted from such order.

■In our opinion, the controverting affidavit, as well as plaintiff's petition, essentially presents the case of a contract of employment of a broker or salesman to secure purchasers of leases upon the lands referred to, with an agreement to pay therefor as specified in the controverting affidavit. We know of no authority, and none has been cited, that holds that a mere transitory or fixed purpose in the mind of an individual not to perform a promise is cognizable in a court of law or equity. There must be something else. The fraudulent purpose or intent must find expression in a resulting injury to another in order to invoke the powers of the court in aid of such other person. In other words, in causes of action founded upon fraud, the fraud is but one of the essential elements of plaintiff's petition. The allegations of fraud in plaintiff's petition and in the controverting affidavit disassociated from all other facts are immaterial and afford no ground for relief. This seems to have been recognized by the pleader, for the allegations of appellees' fraudulent purpose not to perform the announced intention to hold for the benefit of, and deliver to, the appellee 50 cents an acre, etc., are followed by express allegations to the effect that the announced purpose was accompanied with an agreement to pay appellant such excess, if any, on all leases secured by him upon 10,000 acres, and that in reliance upon such announced intention and agreement appellant undertook to sell, and in fact did sell, leases on 10,000 acres of land, for which services appellant by his prayer sought recovery of $5,000 on both the ground of the contract and that the services were worth that amount. We therefore can but think that appellant's pleadings, as a whole, present a cause of action founded on contract and not on fraud.

■ In the case of Davis v. Clark, 271 S. W. 190, 192, writ dismissed, we had occasion to review authorities discussing the subject of a "cause of action," and quoted with approval the following from 1 Cyc. p. 641, as follows: "'The term "cause of action," in law, is generally understood as meaning the whole cause of action; that is, every fact which it is necessary to establish in order to support the right to judicial relief. As otherwise defined it consists in a right in the plaintiff, a correlative duty or obligation resting on the defendant, and some act or omission done by the latter in violation of the right.'" See, also, Elmo v. James (Tex. Civ. App.) 282 S. W. 835, writ dismissed; Words and Phrases, vol. 1, Second Series, page 599, title "Cause of Action."

■ We see no way to distinguish the case now before us from the case of Oakes & Witt v. Thompson, 58 Tex. Civ. App. 364, 125 S. W. 320, and Latshaw v. McLean, 238 S. W. 1003, 1004, both by this court. In those cases, as in this, the plaintiff relied upon subdivision 7 of the article of the statutes, regulating the venue of suits. The general rule, as stated in article 1995 (Rev. St.), provides that "no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:"

One of the excepted cases is stated is subdivision 7, which reads as follows: "In all cases of fraud and defalcation of public officers, suit may be brought in the county in which the fraud was committed or defalcation occurred or where the defendant has his domicile."

In the case of Oakes & Witt v. Thompson, supra, the plaintiffs sued to recover for the alleged value of personal services for which they alleged defendant, who resided in another county, promised, with no intention to perform, in the county where the suit was brought, to pay within a certain time or execute therefor notes payable in such a county. It was held that a mere allegation that the defendant made such a promise with the fraudulent intent thereby to defeat the plaintiffs' recovery did not entitle plaintiffs to sue the defendant over his objection in a county other than where he resided. In other words, that a mere reiteration of fraud did not alter the character of the suit, as shown by the facts alleged.

In Latshaw v. McLean, supra, it was said: "The whole petition shows that the suit was for damages for breach of contract. The allegations contained in the petition that the defendant entered into the contract with no intention to perform it did not add anything to the cause of action asserted. If defendant made the contract and breached it, his liability to the plaintiff for damages for such breach was just the same as if the contract had been made with no intention to perform," citing "Baines v. Mensing, 75 Tex. 200, 12 S. W. 984; Neal v. Barbee (Tex. Civ. App.) 185 S. W. 1059; Oakes v. Thompson, 58 Tex. Civ. App. 364, 125 S. W. 320; McLaughlin v. Shannon, 3 Tex. Civ. App. 136, 22 S. W. 117; Sheffield v. Rousey (Tex. Civ. App.) 153 S. W. 653; Dowell v. Long (Tex. Civ. App.) 219 S. W. 560."

We conclude that the judgment of the trial court must be affirmed, and it is so ordered.