## TEXAS PUB. HOUSE, Inc., v. WOLF.
### No. 1110.

Court of Civil Appeals of Texas. Waco.

Nov. 5, 1931.

Chas. Romick, of Dallas, for appellant.

Wm. M. Cramer, of Dallas, and Grisham, Patterson & Grisham, of Eastland, for appellee.

### BARCUS, J.

Appellant instituted this suit to recover from appellee $339.25. It alleged that Mr. Frank, an agent of appellee, purchased advertising circulars for four different stores which he stated were owned by appellee; that at the time the first circulars were purchased it was agreed between Frank and appellant that, if appellee purchased circulars in each order of twelve thousand or more,

appellee would be given a special discount; that appellee, through Frank, purchased three thousand circulars of the reasonable value of $51 for the Leader, a store at Royse City, and two orders, one for nine thousand circulars and one for ten thousand circulars, of the reasonable value of $219.75, for the Moldaves store at Eastland, on which last order $50 had been paid; that Mr. Frank, as agent for appellee, stated that appellee owned a number of chain stores, and was putting on many bankrupt sales, and would buy all of the circulars from appellant, and that by reason thereof he requested appellant to give the discount on all of the circulars purchased by appellee, regardless of whether the order contained twelve thousand or not; that appellant, relying upon the statement by Frank that appellee owned the Leader store at Royse City and the Moldaves store at Eastland, and would pay for the circulars which had been, or that would be, ordered for, said stores, granted appellee a credit on the bill that had been furnished to appellee on the Fagg store in Eastland of $58.50, and on the Taylor dry goods store at Greenville, $59.25.

Appellant alleged that he would not have allowed either of said discounts but for the fact that Mr. Frank represented appellee owned the four stores, namely, Taylor Dry Goods Company at Greenville, the Fagg store at Eastland, the Leader at Royse City, and the Moldaves store at Eastland, and would pay for all the circulars printed for each of said stores; that, after it had printed and delivered said circulars to the Leader at Royse City and the Moldaves store at Eastland, it demanded payment therefor from appellee, who denied liability and refused to pay for same. Appellant alleged that, by reason of said false representations, he had been induced to and had given said defendant said two credits. It prayed for judgment against appellee for $169.75, balance due it for circulars furnished the Moldaves store, and $51.75, the amount due it for circulars furnished the Leader store at Royse City, and for $117.75, the total credits he had allowed appellee.

Appellee filed its plea of privilege, claiming his right to have the cause transferred to. Eastland county, the admitted place of his domicile. Appellant filed a controverting affidavit, and sought to hold the jurisdiction in Dallas county under subdivision 7 of article 1995 (Vernon's Ann. Civ. St.), on the theory that appellee had perpetrated a fraud upon it in Dallas county. The plea of privilege was tried to a jury, and at the conclusion of the testimony the court instructed a verdict for appellee, and entered judgment transferring the cause to Eastland county.

The itemized accounts offered in evidence by appellant shows that it charged appellee

for circulars furnished at his Greenville store, $288.75, and had credited him with cash paid, $102, and by credit, $59.25, leaving due $127.50; and had charged appellee for circulars furnished the Fagg store at Eastland, $271, and had credited him with cash, $170, and by credit, $58.50, leaving due $42.-50; for circulars furnished the Leader store at Royse City, $103.50, credited by cash, $51.-75, balance due, $51.75; for circulars furnished the Moldaves store at Eastland, $219.-75, cash paid, $50, balance due, $169.75.

Mr. Campbell, the president of appellant's company, the only witness who testified in support of its allegation of fraud, testified that at the time Mr. Frank made the first order for the first bill of circulars in September, 1929, he came to appellant's place of business in Dallas, and told him that appellee owned a large number of stores, and was buying up bankrupt stocks, and that he (Frank) was promoter of the sales of the bankrupt stocks, and asked for a special price on printing the advertising circulars; that he told Mr. Frank he would not agree to give any discount until after the circulars had been printed and delivered, and it had been ascertained how many appellee would use; that he did agree to reduce the price if the circulars were purchased in quantities of twelve thousand or more in each order; that in January, 1930, Frank told him that, since appellee owned the four stores and had bought so many circulars, he (appellee) was entitled to the credits, and that he then allowed appellee said credits; that he would not have allowed appellee said credits except for the statement of Frank that appellee owned the four stores and would pay for all of said circulars. The request made by Frank to appellant for the credit in January seems to have been by a letter written from Eastland, in which Mr. Frank inclosed a check of appellees for $85 in settlement of the first bill for circulars sent to the Greenville store.

Appellant does not, either by its pleading or proof, claim that it actually lost anything by giving appellee the discount or credit. On the contrary, it is in this action seeking to recover from appellee the $117.50 discounts or credits which it claims to have given him by reason of said alleged fraudulent representations, and an additional $221 which it claims appellee owes it on the Moldaves store at Eastland and the Leader store at Royse City. If, as a matter of fact, appellee owned the said two stores, and owes for the circulars used at same, then, under appellant's pleadings as well as its testimony, it would not be entitled to recover the $117.-50. If, on the other hand, appellee did not own the Moldaves store and the Leader store, and did not obligate himself to pay for the circulars for same, he would not be liable therefor, and the only claim appellant has is for the $117.50 balance due on the accounts for which he gave the discounts or credits by reason of said fraud. Appellant's primary cause of action is to recover the $221 which it claims is due it by appellee for circulars furnished the Moldaves and the Leader stores. No contention is made by appellant either by pleading or proof that said accounts were payable or to be paid in Dallas county. Its claim for the $117.50 is an alternative plea, and can only be recovered in the event it fails to recover the $221. In no event could appellant base a cause of action upon the alleged fraud that it claims appellee perpetrated upon it to obtain the discount or credit on the debt that he owed, and which, according to appellant's testimony, he still owes. Fraud without damage is not actionable. 26 C. J. 1064; Moore v. Beakley (Tex. Civ. App.) 183 S. W. 380, reversed on other grounds (Tex. Com. App.) 215 S. W. 957. In its final analysis, appellant's cause of action is not based on, neither does it grow out of, the alleged fraud, but out of the contract that appellee made with the appellant to pay for the advertising circulars which it furnished the four stores. Davis v. Clark (Tex. Civ. App.) 271 S. W. 190 (error dis.); Oakes & Witt v. Thompson, 58 Tex. Civ. App. 364, 125 S. W. 320; Latshaw v. McLean (Tex. Civ. App.) 238 S. W. 1003; Beale v. Cherryhomes (Tex. Civ. App.) 21 S.W.(2d) 65; Dowell v. Long (Tex. Civ. App.) 219 S. W. 560.

We have examined all of appellant's assignments of error, same are overruled, and the judgment of the trial court is affirmed.