### BUNGER v. CAMPBELL.
### No. 5654.

Court of Civil Appeals of Texas. Amarillo.

Nov. 20, 1944.

Curtis Douglass, of Pampa, for appellant.

J. R. Porter, of Clarendon, for appellee.

HEARE, Justice.

This is a venue question and the parties will be designated as in the trial court. The appeal is from an order of the court below overruling the defendant's plea of privilege to be sued in the county of his domicile.

The plaintiff, a resident of Armstrong County, instituted suit in the District Court of Donley County against the defendant, a resident of Carson County. The plaintiff alleged, in substance, that by oral agreement on February 2, 1944, he sold to the defendant a Caterpillar tractor and a Carryall scraper at an agreed price of $8000, the sum of $1000 being then paid and the balance of $7000 to be paid within ten days. The defendant was already in possession of the equipment by virtue of a previous trade between the plaintiff, on the one hand, and the defendant and his brother, on the other. Because of the defendant's brother having entered military service, the previous sales agreement had, by mutual consent, been canceled. The plaintiff alleged that the promise of the defendant to pay the stipulated price for the equipment "was made by the defendant with the intention at the time that it would not be performed, and with the intention, design, and purpose of deceiving this plaintiff and getting the use of said equipment and collecting large sums of money for the use thereof and applying none of the same on the purchase price thereof." The plaintiff further alleged that he "has spent large sums of money trying to collect the purchase price of said machinery and trying to get the defendant to abide by said contract of purchase and that this plaintiff has been damaged by reason of said expenditures occasioned by the going to and looking for the defendant, $1,000.00," and averred that the defendant's actions were the direct and proximate cause of the plaintiff expending the $1000. The plaintiff sought judgment for the balance of the purchase price of the equipment and for the additional amount of $1000 as damages.

In controverting the defendant's plea of privilege, the plaintiff again alleged the execution and the terms of the contract and the fraudulent intent on the part of the defendant not to abide by the contract at the time he entered into the same and further alleged that the defendant fraudulently represented to the plaintiff that he, the defendant, could and would perform his contract. He alleged that such representations were made in Donley County and that he relied on them to his injury. The plaintiff's petition was, by reference, made a part of the controverting plea.

The plaintiff, appellee herein, seeks to maintain venue of the action in Donley County by virtue of the provisions of subdivision 7 (as amended) of Article 1995, R.C.S.1925, Vernon's Ann.Civ.St. art. 1995, subd. 7. This exception to the general venue statute reads:

"7. Fraud and Defalcation. In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile."

We find it unnecessary to determine the question whether actionable fraud is established by the record. The plaintiff declared on a contract of purchase and sale and sought judgment for the balance due by its terms. In addition, he sought judgment for $1000 damages which he alleged he suffered by reason of the defendant's breach of the contract, that is, the failure and refusal on the part of the defendant to make payment of the balance due thereunder. The action, therefore, is an action ex contractu. Pecos & N. T. Ry. Co. v. Amarillo St. Ry. Co., Tex.Civ.App., 171 S.W. 1103. The plaintiff does not seek to recover property of which he has been deprived by reason of fraudulent representations, nor does he bring an action for damages based on fraud and deceit. He seeks no cancellation of a contract which, by fraudulent representations, he was induced to execute. Rather, he confirms the contract and seeks to recover monies payable by its terms, as well as special damages arising from its breach.

The rule is well settled that even though a contract may have been induced by fraud, where the innocent party elects to sue on the contract rather than for his damages for the fraud, he cannot rely on

the fraud to fix the venue of his suit. Brief quotations from some of the authorities will illustrate.

In Neal v. Barbee, Tex.Civ.App., 185 S. W. 1059, 1060, it was said:

"The suit is on an itemized account for debt and not a prosecution for swindling or conspiracy, nor for damages growing out of either, nor for actionable fraud committed in Nolan county. * * * Where, however, a party elects to sue on his contract rather than for his damages for fraud, trespass, or conversion, he waives the fraud, trespass, or conversion as a fact fixing the venue of his suit."

In Dowell v. Long, Tex.Civ.App., 219 S.W. 560, the suit was on an oral contract. The Court said:

"We need not determine whether it appeared from the allegations in appellee's pleadings, as the trial court found it did, that appellant had committed actionable fraud in Delta county (citing), for appellee's suit was not for fraud committed by appellant. It was, instead, a suit on a contract by the terms of which, he alleged, appellant was indebted to him in the sum of $340. That being the character of the suit, if the contract was not in writing, and it was not pretended that it was, it could not, over appellant's objection, be maintained in any other county than the one in which he had his domicile."

In Latshaw v. McLean, Tex.Civ.App., 238 S.W. 1003, 1004, the Court said:

"But the whole petition shows that the suit was for damages for breach of contract. The allegations contained in the petition that the defendant entered into the contract with no intention to perform it did not add anything to the cause of action asserted. If the defendant made the contract and breached it, his liability to the plaintiff for damages for such breach was just the same as if the contract had been made with no intention to perform."

In Bateman v. McGee, Tex.Civ.App., 50 S.W.2d 374, 375, the plaintiff sought to recover commissions on certain royalty sales and alleged certain fraudulent representations made to him by the defendants in reference to their power to bind the owners of the land to pay a commission on royalty sales. On the venue question the Court, in sustaining the plea of privilege, said:

"The main issue raised by the evidence shows that there exists between the parties a disputed issue of fact as to whether any contract was entered into at all, and that any fraud claimed by appellant to have been practiced on him, in reference to their authority to represent the owners, is only incidental to this main issue. Appellant's suit is not one to cancel a contract because of fraud, but to recover on the contract that he undertakes to make binding on the appellees."

In the case of Sheffield v. Rousey, Tex. Civ.App., 153 S.W. 653, and also in the case of Slaughter v. Oakes, Tex.Civ.App., 203 S.W. 405, the suit was to recover possession of a child. In each instance it was alleged that the plaintiff had been deprived of this possession through the employment of fraudulent representations and the plaintiff sought to maintain venue in the county where the fraudulent representations were made. In each case the Court held that the gist of the action was to recover possession of the child and that the fraud alleged did not constitute the cause of action and, therefore, subdivision 7 of the venue statute did not apply.

Other authorities on the point are: Henson v. Henson, Tex.Civ.App., 181 S.W.2d 285; Beale v. Cherryhomes, Tex.Civ.App., 21 S.W.2d 65; Oakes & Witt v. Thompson, 58 Tex.Civ.App. 364, 125 S.W. 320.

We can see no distinction in principle between the case at bar and the foregoing authorities in so far as the question of venue is concerned. It necessarily follows, therefore, that the defendant's plea of privilege should have been sustained.

For the reasons stated, the judgment overruling the appellant's plea of privilege is reversed, and the cause is remanded to the court below with instructions to transfer the same to the District Court of Carson County.