**EDWARDS et al. v. GILBREATH.**

**No. 11855.**

Court of Civil Appeals of Texas. Galveston.
March 13, 1947.

Rehearing Denied April 24, 1947.

W. B. Moss, of Sinton, and J. W. Ragsdale, of Victoria (Ward & Brown, of Corpus Christi, of counsel), for appellants.

Massey & Hodges, of Columbus, for appellee.

GRAVES, Justice.

This suit was filed in the District Court of Colorado County, Texas, July 6, 1946, for a temporary restraining order and temporary injunction to prevent the defendants, Edwards Brothers, residents of San Patricio County, Texas, and Texas and New Orleans Railroad Company, from moving three cars of grain from Colorado County and for judgment for title and possession of the grain. The temporary restraining order therefor expired, and plaintiff having failed to file an injunction bond, the carrier moved the grain from Colorado County. Before hearing on the plea of privilege, plaintiff filed his Second Amended Original Petition, which was attached to his controverting affidavit, the allegations of which will appear later herein.

Transit Grain Company intervened, asserting it was the owner of the grain and

holder of bills of lading therefor; that the allegations that the defendants, Edwards Brothers, "are not good under a money judgment" are untrue, and denied that Edwards Brothers had or breached any contract for sale of the three cars of grain. Attached to the answer was the affidavit of B. R. Smith, President of First State Bank, Aransas Pass, that Edwards Brothers had property of the probable value of a quarter of a million dollars and that he verily believed them possessed of property subject to execution sufficient to satisfy any judgment plaintiff might recover herein. Also attached was affidavit of J. G. Richards, an employee of Edwards Brothers, of facts showing that plaintiff had no valid contract for the purchase of the three cars of grain and that it had been sold on July 2, 1946, to Transit Grain Company, who had paid therefor, and that Edwards Brothers claim no title to the grain.

The trial pleading of plaintiff made Transit Grain Company a party defendant, and pleaded a contract made June 28, 1946, for purchase of the three cars of grain; that defendants, Edwards Brothers, instructed the defendant Railroad to ship the grain to themselves, without the consent of plaintiff, to exact an additional price from plaintiff for the grain; that after this suit was filed the three cars of grain were moved out of Colorado County; that petition alleges that title thereto passed to plaintiff at Ingleside, Texas, and all of the defendants converted the grain by its removal from Colorado. County; that Transit Grain Company purchased the grain with knowledge of plaintiff's rights "after this suit had been filed."

Plaintiff alleges damage of $2,103.01, and avers in the alternative that the value of the grain is $12,000, which plaintiff seeks to recover, and, as a second alternative, plaintiff seeks to recover his lost profits, $3,322.95, as damages from Edwards Brothers. Plaintiff prays for title and possession; alternatively, for damages against all defendants, and in the second alternative, against Edwards Brothers only for damages.

The defendant Railroad Company denied any conversion of the grain; alleged that it issued the bills of lading to Edwards Brothers and accepted diversion order for shipment of the grain to Fort Worth, Texas, and alleges it complied therewith after plaintiff defaulted in giving bond required by the court's restraining order.

The defendants, Edwards Brothers, filed their pleas of privilege to be sued in San Patricio County, Texas, their residence.

Plaintiff controverted the plea on the grounds (1) that the suit is for the recovery of three cars of grain, which he alleged were at the time of the filing of such suit in Colorado County; (2) that the defendants, Edwards Brothers, committed a trespass in Colorado County; (3) that the suit may be maintained against defendant Transit Grain Company in Colorado County, and the defendants, Edwards Brothers, "are necessary parties thereto"; and (4) that defendants, Edwards Brothers, contracted in writing to deliver the grain to plaintiff in Colorado County.

Appellee offered in evidence a telegram from appellants to appellee dated July 1, 1946, and three bills of lading dated July 1, 1946, covering the three cars of grain involved in this suit, which he claimed showed that the agreed place of performance was in Colorado County, Texas.

Appellants replied with special exceptions and an answer denying that they claimed the property and alleging that they had sold it to Transit Grain Company before it reached Colorado County.

The court overruled the pleas of privilege, and Edwards Brothers have appealed from that order.

No requests were made below for the filing of findings of fact or law, nor were any of either sort stated or filed by the court.

Appellants, after first contending that the appellee had abandoned his claim that appellants contracted in writing to deliver the grain to him in Colorado County, now, "since no proof was offered that a contract in writing was made between plaintiff and these defendants", predicate their appeal upon these four points of claimed error:

"First Point.

"The error of the trial court in overruling these defendants' plea of privilege, thereby depriving these defendants of their right to be sued in the county of their domicile on an action essentially for breach of contract."

"Second Point.

"The error of the trial court in overruling these defendants' plea of privilege, thereby holding that this is a suit for recovery of personal property situated in Colorado County, Texas."

"Third Point.

"The error of the trial court in overruling these defendants' plea of privilege, thereby holding that they committed a trespass in Colorado County."

"Fourth Point.

"The error of the trial court in overruling these defendants' plea of privilege, thereby holding that this is a suit against defendant Transit Grain Company in Colorado County, and 'the defendants, Edwards Brothers are necessary parties thereto.'"

The appellee's counterpoints, based upon his controverting plea below to the appellants' pleas of privilege, in substance, are:

(1) The three cars of grain were in Colorado County at the time the suit was filed, hence venue lay in that county, even though the cars were moved out of it after the filing of the suit;

(2) Appellants, having acted with their codefendants in moving the grain out of Colorado County, were guilty of conversion thereof in that county, hence committed a trespass against the appellee therein;

(3) The suit having been maintainable in Colorado County against appellants' codefendants, Transit Grain Company and Railroad Company, appellants being necessary parties thereto, were so suable therein in Colorado County;

(4) Appellants, having contracted in writing to deliver the three carloads at Weimer, in Colorado County, were suable there.

The record brought here, inclusive of the statement of facts, original exhibits, etc., from both parties, in this court's opinion, conclusively shows that appellants' quoted points of error in all material respects are sound, and that none of the venue facts—necessary to the support of any one of the appellee's counterclaims —were proven.

In the first place, appraising the character of the suit from the pleadings of the appellee himself, it seems unmistakable that it is not a suit for the recovery of the grain itself from the appellants; because, such pleadings and proof as the appellee made thereunder in his controverting plea and otherwise show that appellants had at the time of the filing of the suit on July 6 of 1946, neither title to nor possession of the property; indeed, the appellants, in reply to such averments of the appellee, disclaimed any title to the grain at that time, pleading specifically that they had prior thereto, that is, on the 2d of July, 1946, sold the same to their codefendant, the Transit Grain Company, and had routed it to that company at Weimer, Texas, which was in Colorado County, after it had been so sold by them to the Transit Company on July 2 of 1946.

(5) In sum, appellee also makes it plain that on June 28 of 1946, he offered to buy three cars of grain f. o. b. Ingleside, in San Patricio County, from appellants, Edwards Brothers, which they accepted; that appellants fell down upon that engagement, failed to deliver the grain to appellee as so agreed, and, instead, as already indicated, sold it at Ingleside to the Transit Company on July 2 of 1946, which was four days before the appellee filed this suit against them thereon.

 (6) Wherefore, the appellee's suit against the appellants herein must be determined to be one for the recovery of damages for breach of that oral contract between the parties so made at Ingleside on June 28 and breached by appellants on July 2, hence was not one to recover personal property, or for the conversion thereof. Adamson v. Hexter, Tex.Civ.App., 68 S.W.2d 568; Evans v. Heldenfels, Tex. Civ.App., 70 S.W.2d 283; Henson v. Henson, Tex.Civ.App., 181 S.W.2d 285; Latshaw v. McLean, Tex.Civ.App., 238 S.W.

1003; Oakes & Witt v. Thompson, 58 Tex. Civ.App. 364, 125 S.W. 320; Dowell v. Long, Tex.Civ.App., 219 S.W. 560.

(7) Following appellants' recited disclaimer of any interest in the grain, the Transit Grain Company, intervenor below, filed its declaration of having so purchased the cars of grain from appellants, and asserted their claim of title thereto; indeed, the appellee himself pleaded below that the title was so acquired by the Transit Company, but he asserted that to have been done after his suit had been filed herein; as already stated, however, the uncontroverted evidence shows these allegations as to time not to have been sustained, it conclusively appearing, on the contrary, that the sale from Edwards Brothers to the Transit Company was on July 2 of 1946, and that the latter's check to them in payment therefor was dated July 5 of 1946, still one day before appellee filed his suit; not only so, but the appellee further admitted in testifying orally upon the trial that he had such prior notice of the diversion of the cars to the Transit Company before the suit; so that, pursuant to such authorities as Pearson v. Black, Tex.Civ. App., 118 S.W.2d 829, it would appear that appellants, Edwards Brothers, having so successfully disclaimed any interest in the subject matter thereof, in a suit to recover or convert the property, were nominal parties thereto only, and not proper nor necessary ones.

(8) It likewise follows from what has been said that appellants were not shown to have committed a trespass against appellee in Colorado County; this for the reason that, as indicated, appellee's suit herein was—in its essence—one for breach of the contract of sale he alleged he made with appellants, Edwards Brothers, for the purchase of these cars of grain at Ingleside, in San Patricio County, on June 28 of 1946, but under which no title to it ever passed to him; following upon that, the evidence is uncontroverted that appellants, on July 2 of 1946, sold the grain to the Transit Company and ordered the Railroad to divert it to that concern from Weimer, Texas, in Colorado County,

which was done; both such sale and such consequent diversion for delivery by the carrier to the Transit Company seemingly occurred before the grain reached Colorado County at all. Under the authorities in such circumstances, there was no such positive or tortious act concerning the property, or any right of the appellee therein, in Colorado County, as could have amounted to a conversion by them from him of it. 42 Tex.Jur. 511, Sec. 4, Trover and Conversion; 42 Tex.Jur., 519; Dozier v. Pillot, 79 Tex. 224, 14 S.W. 1027; Geo. A. Moore & Co. v. Armour, Tex.Civ. App., 226 S.W. 689; Lippman v. Jeffords, Tex.Civ.App., 184 S.W. 534; Radio v. Anderson, Tex.Civ.App., 44 S.W.2d 761.

The upshot of the record upon this final phase of the case may, in substance, as this court understands it, be epitomized in this way:

While appellee pled that he owned the grain at Ingleside, the facts he otherwise alleged and his proof offered fail to establish his ownership. It thereby became apparent that he never acquired title to it, because the appellants did not deliver it to him, but to a common carrier under contract to deliver it to themselves; then, before it reached Colorado County, they, in turn, instructed the carrier to deliver it to Transit Grain Company at Fort Worth, which the carrier did. The appellee, therefore, never came into possession of the grain as its owner. The possession thereof remained in the carrier, which removed it from Colorado County, on request of the Transit Grain Company.

Appellants, accordingly, were not guilty of conversion in Colorado County, under these holdings: Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347; Abilene Storage Co. v. Eugene, etc. Ass'n, Tex.Civ.App., 170 S.W.2d 511.

Further discussion is deemed unnecessary; these conclusions require that the appealed from judgment be reversed, and the cause as against the appellants, Edwards Brothers, be transferred to the district court of San Patricio County. It will be so ordered.

Reversed and rendered.