## WESTERN IRRIGATION CO., Inc., v. REEVES COUNTY LAND CO.

### No. 4734.

Court of Civil Appeals of Texas. El Paso.

June 7, 1950.

Irby L. Dyer, Whitaker, Turpin, Kerr, Smith & Brooks, all of Midland, for appellant.

Ewers, Cox, Dyer & Bentsen, McAllen, Starley & Preston, Pecos, for appellee.

SUTTON, Justice.

This appeal is from an order of the District Court of Reeves County overruling a plea of privilege.

Reeves County Land Company, a corporation, sued Western Irrigation Company, Inc., a corporation, to recover damages in the sum of $12,000.00. The defendant timely filed its plea of privilege claiming its right to be sued in Lubbock County, the county of its domicile. The plaintiff filed its controverting affidavit in response to the plea of privilege. A hearing and trial was had on the plea and controverting affidavit before the court without a jury at the conclusion of which the order was made overruling the plea of privilege and the defendant prosecutes this appeal from that order.

Plaintiff in its original petition, and in the controverting affidavit, alleged that in December, 1947, it entered into a contract with the defendant whereby the defendant contracted and agreed to drill, complete and equip three irrigation, water wells, ready to deliver water for irrigation purposes, on Section 194, Block 13, H. & G. N. Ry. Co., Reeves County, Texas. It is alleged that the defendant understood at the time the contract was made that the wells were to be used to irrigate cotton crops to be produced in the year 1948, and agreed to deliver said wells complete for the production of water for such purposes on or before March 15, 1948. Plaintiff further pleaded the defendant entered upon its land for the performance of its contract, but through its own fault and failure, and without fault of plaintiff, the defendant failed to complete said wells in a good workmanlike manner and by March 15, 1948, and in truth and in fact a part of said wells were never completed in a skillful and workmanlike manner.

It is further averred that the failure to complete said wells within the contract period of time and in a skillful and workmanlike manner became a matter of controversy between the parties, and by reason thereof plaintiff refused to pay the defendant a balance it claimed to be due it under the contract in the sum of $12,329.84. That in July 1948, the parties entered into a written contract for the conditioning and equipping of said wells upon said section by replacing two pumps on wells 3 and 4

with 3-stage, 160 foot settings, or whatever pumps and settings were necessary in the opinion of the defendant; to clean the wells to the bottom before setting pumps, and add 20 foot section to well No. 1, and replace the motors on said wells with the size motors deemed in the opinion of defendant to be needed, the type and make to be determined by the plaintiff, and to repair the foundation to well No. 3. The contract provided for adjustments on the exchange of pumps, motors, etc., and for certain payments to be made by plaintiff and certain expense to be borne by the defendant.

Plaintiff alleges that prior to September 3, 1948, the defendant represented the work had been completed and that it would require the payment of $12,000.00; that the three wells would produce water in the aggregate in excess of 5,000 gallons per minute, whereupon plaintiff agreed to pay the sum demanded if said representations were true; that the defendant on August 31, 1948, drew its draft upon plaintiff for such sum and attached thereto a statement as follows:

"Statement of W. L. Ivey:
Water in excess of 5,000 gallons per minute in Reeves County Land Company property, Section 194, Reeves County, Texas, has been developed and proper pumping equipment on remaining wells will be installed immediately.
(Signed: S/W. L. Ivey
t/W. L. Ivey
Pres."

It is further alleged on said representations and statement the draft was paid and the defendant obtained the benefit thereof. Plaintiff continues by saying said representations were not true, but were on the contrary false and fraudulent and made for the purpose of obtaining payment on a contract represented to have been completed and performed, which in truth and fact had not been, all to plaintiff's damage in the sum of $12,000.00.

The defendant briefs six points of error. They are each predicated on the theory the

---

suit is one founded on actionable fraud, which was not committed in Reeves County.

Plaintiff sought to maintain venue under Section 23, Art. 1995, Vernon's Ann.Civ. St.

The allegations of fraud are wholly immaterial to the cause of action asserted by the plaintiff and standing alone would not support a judgment for damages. The basis of the damages sought to be recovered is the breach of the contract and failure to complete the wells in the manner and time contracted for and to do the conditioning and equipping of said wells under the written contract therefor. Had there been no breach of the contracts and had the work been done in accordance therewith no damage could have resulted and the defendant would have been entitled to the money it collected and the manner in which it was collected would have been of no consequence. In other words, the claimed fraud was but merely incidental to the cause of action pleaded, and the only effect, if true, it had was to shift the initiative from the defendant to the plaintiff. To put it another way, had the defendant performed its contracts and earned the money, the collection of it could not have resulted in any injury to the plaintiff. When a cause of action is one for a breach of contract and not for a tort arising out of fraud, the allegations of fraud are immaterial. Henson v. Henson, Tex.Civ.App., 181 S.W.2d 285, loc. cit. 286 (4, 5).

To render Subdivision 7 of Art. 1995, supra, applicable and the rules applied thereunder the cause of action must be based upon the fraud rather than incidental to the main cause of action; the fraud must be the gist of the cause of action, or at least a part of it. Evans v. Heldenfels, Tex.Civ.App, 70. S.W.2d 283; Texas Pub. House v. Wolf, Tex.Civ.App., 43 S.W.2d 615; Austin v. Grisson-Roberts Stores, Tex.Civ.App., 32 S.W.2d 205 and the cases cited in the opinions.

The evidence is sufficient to support the implied findings which must be attributed to the trial court that the cause of action arose on a contract to be performed in Reeves County for the non-performance of which the plaintiff sustained damages. In other words, that the plaintiff made out a prima facie case.

Under the record and the presentation of the case, it is our conclusion the points cannot be sustained and the judgment of the trial court is affirmed.