## J. T. HOLLAND V. THE STATE.

### No. 11413.  Delivered January 24, 1928.

**Swindling, a Misdemeanor—Evidence—Of Dishonor of Check—Insufficient.**

Where appellant was on trial for giving a check for ten dollars in El Paso on the Valley Bank of Phoenix, Arizona, and the only evidence offered by the state of incriminating fact that appellant had no funds on deposit in the bank to pay same, was the check itself with a notation thereon "No acct." this evidence was hearsay, improperly admitted and was without any probative force.

Appeal from the County Court at Law of El Paso County. Tried below before the Hon. J. M. Deaver, Judge.

Appeal from a conviction for swindling, a misdemeanor; penalty six months in the county jail.

The opinion states the case.

*John T. Hill* of El Paso, for appellant.  On proof of dishonor of check, by endorsement on same, appellant cites:  Bennett v. State, 81 S. W. 81; Thomas v. State, 95 S. W. 1075; Chester v. State, 5 S. W. 125; Gold v. Campbell, 117 S. W. 463; Ariola v. State, 289 S. W. 385, and Bell v. State, 2 Tex. Crim. App. 215.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was charged by information in the County Court of El Paso County with the offense of swindling, the substance of the allegations in the information being that he gave a ten-dollar check to one A. R. Saunders on the Valley Bank of Phoenix, Arizona, knowing at the time that he did not have sufficient funds in said bank with which to pay same and without good reason for believing that same would be paid in the ordinary course of business, penalty assessed at six months in the county jail.

The facts proven against appellant are very brief.  Witness Saunders testified that appellant gave him a check for ten dollars on said Valley Bank of Phoenix, Arizona, in part payment of a hotel bill and for which he gave him two dollars in money.  Continuing, witness said:  "As to whether I don't know anything

about whether he had money in the Phoenix bank or not, well, just that it was returned; just what somebody else said about stamping check. In other words, the check was given to me, placed in the bank, and returned." No other witness was introduced.

The check was introduced in evidence and bore a notation "No Acct." Proper objection was made to the admission of said check in evidence and especially to the notation because same was hearsay.

There is an entire absence of testimony as to the identity of the person who made the notation of "No Acct." without which notation a conviction could not be had. There is not even any evidence in the record to show that said check was ever forwarded to the Valley Bank, of Phoenix, Arizona, or for that matter that it ever left El Paso. Who was the party who made this notation which is the state's main incriminating fact? Was he friend or foe? Did he have a motive for making same? Was the same true? Was the money in the bank originally and had same been improperly or erroneously charged to some other account? Had the account been garnisheed? None of these questions may have been in the case, but some of them may have been brought out as a fact on cross-examination, if such a right had been accorded the appellant. Instead, the unsworn statement of an unidentified and unknown person was introduced in evidence as a circumstance of guilt. His right of cross-examination was thus denied. The party who made the notation was not under oath. Appellant has been convicted upon an ex parte statement made in his absence without even knowing who gave the evidence against him.

No citation of authorities is necessary to show that this statement on the check of "No Acct." was hearsay of the rankest kind under rules obtaining and in force since English jurisprudence had its birth.

For the error indicated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.