## FRANK PARROTT V. THE STATE.

### No. 11489.   Delivered April 4, 1928.

**1.—Swindling, a Misdemeanor—Evidence—Value of Endorsed Check.**

Where a check has been dishonored by the bank on which it was drawn, if same bore the endorsement of another person than the drawer, it would be a thing of value, if the endorser was solvent, under Art. 1545, P. C.

**2.—Same—Evidence—Held Insufficient.**

Where, on a trial for swindling by giving a worthless check, the evidence failed to show that the check was ever presented for payment to the bank on which it was drawn, or that payment was refused when presented, there is an entire absence of evidence to support the allegation.

Appeal from the County Court of Nacogdoches County. Tried below before the Hon. F. P. Marshall, Judge.

Appeal from a conviction for swindling, a misdemeanor, penalty a fine of $25.00 and ten days in the county jail.

The opinion states the case.

*Adams & McAlister* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense swindling, penalty $25.00 fine and ten days' confinement in the county jail.

All the evidence given at the trial consists of four short paragraphs given by witness Rich. The substance of it is that appellant gave a check to one Arriola, who indorsed same to witness Rich, who in turn endorsed same to a "Lufkin bank and it was turned down by the bank when presented." Apprised of this, appellant agreed and did give to Rich a second check and received from Rich his first check. About this, witness testified:

"Frank Parrott gave me the check upon which he is being prosecuted and it was turned down by the bank and I sent word to Mr. Parrott by mail that it had been refused by the bank fifteen days before this prosecution was instituted and it has never been paid yet. * * * The first check was no good but I would not have given it back to Frank if he had not given me this check. * * * I considered it worth its face value because of Mr. Arriola's endorsement."

The point is presented that since the check upon which the prosecution is based is shown to have been given for a former worthless check, the evidence is insufficient to constitute swindling, as nothing of value passed. The quoted testimony shows that proof was made apparently without objection that the check was worth its face value. It seems plain that an endorsed check might be a "thing of value," as those words are used in Art. 1545 (4) of the Penal Code.

The latter check, upon which this prosecution was based, was not introduced in evidence and the record is utterly bare of any proof whatever that it was ever presented for payment to the bank on which it was drawn or payment ever refused by such bank, or for that matter, that it was ever legally presented for payment to any bank. It was turned down by "the bank." What bank? The information avers that Frank Parrott "then and there had no good reason to believe that said check would be paid by said bank when the same would be in the ordinary course of business presented to said bank for payment and said check was in due course of business presented to said bank and payment of said check was refused by said bank for want of sufficient funds," etc. There is an entire absence of testimony to support this allegation.

Any discussion by us of the constitutionality of the so-called "hot check" law would be based upon an hypothesis not shown to exist in the instant case. We uniformly decline to be drawn into the discussion or decision of questions that are purely academic.

Because of the insufficiency of the evidence, the judgment is reversed and the cause remanded.

　　　　　　　　　　　　　　*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.