## SHELTON v. THOMAS. (No. 725.)

Court of Civil Appeals of Texas. Waco.
Nov. 15, 1928.

Marvin B. Simpson and Leo Brewster, both of Fort Worth, for appellant.

W. M. Pierson, of Dallas, for appellee.

GALLAGHER, C. J. Appellee, H. Bascom Thomas, sued appellant, Sim M. Shelton, in the county court at law of Dallas county to recover the sum of $500, which he alleged appellant had agreed to pay him as a fee for representing him in an advisory capacity only with reference to certain matters not then in litigation. He alleged that appellant gave him a check in the sum of $300 on said fee at the time of employment, and agreed to pay him the remaining $200 at a later date. Appellee alleged that appellant stopped payment on said check, and that neither said check nor any part of the fee so agreed upon had been paid. Appellee further alleged that he relied on said check as part payment of his fee, and that appellant, by the giving thereof, secured the benefit of his services and advice; that appellant intended at the time to stop payment on said check, and to fail and refuse to pay said fee; that appellant thereby perpetrated a fraud on him in Dallas county. Appellee's said petition was not verified. Appellant interposed a plea of privilege to be sued in Taylor county. Appellee filed a controverting affidavit. There was a trial before the court on the issue of venue alone. The court entered an order overruling the plea of privilege, and this appeal is prosecuted therefrom.

## Opinion.

Appellant's plea of privilege was in due form. It imposed upon appellee the burden of filing an affidavit controverting the same, and of alleging therein the facts relied on to defeat such plea and of sustaining such allegations by proof. Coalson v. Holmes, 111 Tex. 502, 510, 240 S. W. 896, and authorities there cited; Richardson v. Cage Co., 113 Tex. 152, 252 S. W. 747, 749, and authorities there cited; Greenville Gas & Fuel Co. v. Commercial Finance Co. (Tex. Com. App.) 298 S. W. 550, 551, 552, and authorities there cited; World Co. v. F. G. Dow, 116 Tex. 146, 150, 151, 287 S. W. 241.

Appellee filed a controverting affidavit, duly verified. In the opening paragraph thereof he says he excepts to appellant's plea of privilege and controverts the same, and further says that the same should be stricken out and overruled for the reasons thereinafter stated. The reasons so set out in said controverting affidavit are four in number and will be separately considered.

The first reason assigned as ground for striking out and overruling said plea is an asserted waiver thereof, based on the fact that said plea of privilege was filed at the June term of the court and acted on at the July term thereof. The transcript shows that appellee's petition was filed June 9, 1927, that appellant's plea of privilege was filed June 22, 1927, and that the July term of said court began on the 4th day of said month. Appellee filed his controverting affidavit on July 7, 1927. Said affidavit was presented to the judge on the same day and set for hearing. Such hearing was held July 30, 1927. The filing of appellant's plea of privilege required the transfer of the case to the county of his residence without any further action on his part, unless such plea was duly controverted in the manner provided by law. Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087, 1089, par. 1; Spencer v. Sevier (Tex. Civ. App.) 5 S.W.(2d) 589, 590, and authorities there cited. We quote from Galbraith v. Bishop, supra, as follows:

"Therefore, under the well-settled law of this state, a plea of privilege, sufficient on its face and filed in due time, deprives a court of jurisdiction to enter any other judgment than one transferring the case, unless a controverting affidavit be duly filed. If such a controverting plea is filed, it cannot be heard until the defendant has been served with notice thereof for ten full days."

No waiver of the plea of privilege was shown.

The second reason assigned for striking out and overruling said plea of privilege is the asserted insufficiency of the allegations thereof concerning the residence of appellant. We have carefully examined said plea, and find it conforms substantially, if not literally,

to the requirements of the statute, in the matter so complained of. Appellee's complaint of said plea in this respect was therefore without merit.

■ The third reason assigned for striking out and overruling said plea is the asserted insufficiency of the same to put in issue appellee's allegations of fraud contained in his petition. Appellee in said paragraph alleged, in substance, that he had charged in his original petition that appellant committed a fraud upon him in Dallas county, and that the court for that reason had jurisdiction of his suit; that such affirmative allegations had not been denied by appellant in his plea of privilege; that such allegations therefore stood uncontradicted, and required the overruling of said plea. We understand appellee by said paragraph to invoke the provisions of subdivision 7 of article 1995 of our venue statutes, to sustain the jurisdiction of the trial court over the person of appellant. Said subdivision read at the time as follows:

"In all cases of fraud and defalcation of public officers, suit may be brought in the county in which the fraud was committed or defalcation occurred. * * * "

The parties do not agree with reference to the proper construction of such subdivision, but we do not find it necessary to determine their controversy. We think said paragraph is wholly insufficient to raise an issue of jurisdiction in the trial court, based on such provisions. Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035; 1037; Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 4 S.W. (2d) 995, 997, par. 1. We quote from the first case cited as follows:

"The rule seems to be well settled that the controverting affidavit is not sufficient unless it alleges specifically the facts relied upon to confer jurisdiction of the cause in the court where the suit is filed. The law, article 2007 (1903), says: 'If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, *setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending.*' (Italics ours.) This requires that the controverting affidavit shall itself contain allegations of the facts which are claimed to confer jurisdiction on the court where the suit is filed, or, at the very least, to refer to and make a part of the controverting plea the petition in which the allegations are made, or attach the petition to the controverting plea as an exhibit with reference thereto for that purpose. Penix v. Davis (Tex. Civ. App.) 265 S. W. 718; Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 984."

Appellee did not make the allegations of his petition on the subject of fraud a part of such paragraph of his controverting affidavit, nor did he refer to same and aver that they were true. The purpose of the statute quoted in the above excerpt from the case of Jacobson v. Berwick, supra, is to prevent the frivolous contest of pleas of privilege by requiring that a plaintiff, seeking to sustain venue in the county in which he has brought his suit, shall, under the pains and penalties of perjury, allege sufficient facts to do so. The third paragraph of appellee's controverting affidavit shows no sufficient ground for striking out or overruling said plea of privilege.

■■ The fourth and last reason assigned in appellee's controverting affidavit for overruling said plea of privilege is that this suit is based on an offense or crime committed by appellant in Dallas county. Said paragraph invokes the provisions of subdivision 9 of said article 1995, which subdivision reads as follows:

"A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed. * * * * "

Appellee in said paragraph charges that appellant "was guilty of swindling in Dallas county, Texas, in that he did in Dallas county, Texas, by means of false and deceitful pretenses, devices and fraudulent representations, acquire from the plaintiff valuable rights, to wit, representations and agreement to represent the defendant as an attorney, for which the defendant, in Dallas county, Texas, promised to pay the sum of $500.00 and executed the said check for $300.00." This brief excerpt from said paragraph has been quoted literally, because it contains the only allegation made therein that appellant received anything in return for said check, and the only allegation therein with reference to the character of the right or benefit so received. We may concede that said paragraph is ample to raise an issue of venue under said subdivision, if securing an oral "representation and agreement to represent" by appellant as attorney in exchange for a check will support such charge. Appellee's testimony under this rather vague allegation, which was the only testimony introduced thereunder, was in substance that he had sought appellant for the purpose of securing a confession from him with reference to his improper conduct with a certain woman; that upon his solicitation, and following an intimation on his part that a full confession would ameliorate the situation and appease the anger of said woman's husband, appellant did confess that he had had improper relations with said woman; that appellant at his further solicitation did sign a written statement, fully reciting the character and extent of such relations; that appellant was greatly alarmed, and feared personal violence at the hands of the relations of said woman; that he asked appellee to represent and advise him in attempting to escape such violence; that appellee explained to him that he could not represent him in any way, except in an advisory capacity; that appellant had stated that he was contemplating leaving his home at Abilene for two or three weeks and

making a trip to another part of the state; that appellee advised him to do so; that appellee assured appellant that he did not believe, in view of his full and frank confession, that the woman's husband, a relative of appellee, would seek him for the purpose of killing him; that no further advice was sought or given; that he would not have given such advice, and promised to give further advice in the future, if appellant had not given him said check for $300, and promised to pay him the remainder of his fee at some later date. He further testified that he deposited said check in a bank in Dallas, and that it was subsequently returned to him unpaid.

Title 17 of our Penal Code is entitled "Offenses against Property." Among the defenses defined therein is swindling. Said definition is contained in article 1545 of the Penal Code and is as follows:

" 'Swindling' is the acquisition of any personal or movable property, money or instrument of writing conveying or securing a valuable right, by means of some false or deceitful pretense or devise, or fraudulent representation, with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the right of the party justly entitled to the same."

There is no contention in this case that appellant received from appellee any instrument of writing of any kind. The distinguishing feature of the offense of swindling is that the injured party must have been induced by the means charged to part, not only with the possession, but with the title to the property received by the accused. Sims v. State, 28 Tex. App. 447, 13 S. W. 653, 654; Gibson v. State, 85 Tex. Cr. R. 462, 214 S. W. 341, 342, par. 3. Article 1546 of the Penal Code enumerates certain specific ways in which the offense of swindling may be committed. The fourth subdivision of that article is the one relied on by appellee in his contentions advanced in this case, and is in part as follows:

"The obtaining by any person of any money or other thing of value with intent to defraud by the giving or drawing of any check, draft or order upon any bank, person, firm or corporation with which or with whom such person giving or drawing said check, draft or order has not at the time of the giving or drawing said check, draft or order, or at the time when in the ordinary course of business such check, draft or order would be presented to the drawee for payment, sufficient funds to pay same, and no good reason to believe that such check, draft or order will be paid."

The provisos to said subdivision merely prescribe a rule of evidence and will be discussed later. The gist of the offense is the same in this subdivision as in the former article. It is the fraudulent acquisition of "money or other valuable thing" by the use of a worthless check, which the injured party accepts at its face value without inquiry, and without affirmative representations on the part of the party executing and delivering the same. We do not think that this subdivision was intended to enlarge the definition of swindling contained in the preceding article with reference to the quality and character of the thing acquired by the accused by means of such a check. It is a fundamental rule of construction that statutes relating to the same subject shall be construed together, and the will of the Legislature determined from the consideration of their provisions as a whole. This rule proceeds upon the supposition that the several statutes relating to one subject were governed by one spirit and policy, and were intended to be consistent and harmonious in their several parts and provisions. Neill v. Keese, 5 Tex. 23, 33, 51 Am. Dec. 746; Cooper v. Yoakum, 91 Tex. 391, 393, 43 S. W. 871. There is no contention that the advice given and promised by appellant in this case constituted personal or movable property or money, as used in the definition of swindling. The contention is that swindling may be perpetrated by the giving of a worthless check, if the accused receives anything of value therefor, regardless of whether the thing so received is personal movable property, or money, or not.

This contention is based on the fact that the word "money" in said subdivision 4 is followed by the general words "or other thing of value." The general rule of statutory construction, followed by both our Court of Criminal Appeals and our civil courts, is that general words following a word or words of a particular and specific meaning are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same kind and class as those enumerated. San Antonio Independent School District v. State (Tex. Civ. App.) 173 S. W. 525, 526, 527, par. 1 (writ refused); Farmers' & Mechanics' Nat. Bank v. Hanks, 104 Tex. 320, 326, 327, 137 S. W. 1120, Ann. Cas. 1914B, 368; G., H. & H. R. Co. v. Anderson (Tex. Civ. App.) 229 S. W. 998, 1000–1002; Ex parte Muckenfuss, 52 Tex. Cr. R. 467, 107 S. W. 1131, 1132, 1133, and authorities there cited. Money, the only specific thing named in said clause of subdivision 4, is clearly personal movable property, and is also specifically named in the definition of swindling given in the preceding article. The application of the rule of construction just recited requires that the words "other thing of value" be limited to things of the same general kind and class.

Appellant states in his brief that there are no cases in Texas on the particular issue here under consideration, but cites in support of his contention the case of Ex parte Wheeler, 7 Okl. Cr. 562, 124 P. 764, which sustains such contention, with the statement that the statute of that state is almost the same as our own. The statutes of Oklahoma are not found in the library of this court. The of-

fense of swindling is statutory, and the holdings of the courts of other states, based on statutes differently worded, aid but little in reaching the correct determination of this issue.

The latter part of said subdivision 4 consists of two provisos, declaring in substance that, if any such check is not paid on presentation, the return of the same shall be prima facie evidence of a fraudulent intent, and that, if the same is not paid within 15 days of its return, the same shall be prima facie evidence that no good reason existed for believing that it would be paid, and also of knowledge of insufficient funds in the hands of the drawee. Strict compliance with the terms of these arbitrary and rather harsh provisions is, of course, necessary in order to claim the benefit of the presumptions enumerated therein. The evidence in this case discloses that appellee deposited said check in his bank at Dallas for collection, and that it was returned to him with a letter from an employee of the bank, stating that it had been returned unpaid and marked "Payment stopped." Said check was drawn on the First National Bank of Baird, Tex. There was no competent evidence that it was ever presented to said bank for payment, and no evidence showing by whom said notation thereon was made.

The employee of the bank who testified in the case frankly stated that he had no personal knowledge of the transaction. He testified theoretically from the letter of said other employee, who was not available as a witness, and from the indorsements on the back of the check, that said check had been deposited in the Dallas bank; that it was sent to the Federal Reserve Bank, and that said bank sent it out to a correspondent bank, and then returned it to said bank of deposit; and that the indorsement "Payment stopped" did not indicate insufficient funds, but indicated an order not to pay the same. No other material testimony on this issue was submitted. All the testimony of this witness was introduced over the express and continued objection of appellant that the same was hearsay. The testimony was subject to the objection urged. Holland v. State, 108 Tex. Cr. R. 615, 2 S.W. (2d) 248, 249; Parrott v. State, 109 Tex. Cr. R. 375, 5 S.W.(2d) 156. The rule is well established that hearsay evidence, whether admitted over or without objection, is incompetent, without probative force, and will not support a finding of fact. Southern Surety Co. v. Nalle & Co. (Tex. Com. App.) 242 S. W. 197, 201, par. 4, and authorities there cited. We do not think appellee sustained venue in Dallas county, either by the matters pleaded in paragraph 4 of his controverting affidavit or by the evidence submitted in support thereof.

The judgment of the trial court is reversed, and the cause is remanded, with instructions to transfer the same to the proper court in Taylor county, in which appellant is shown by his plea of privilege to reside.