**C. R. MILLER MFG. CO. v. PROVINE.**
(No. 521.)

Court of Civil Appeals of Texas. Eastland.
April 5, 1929.

Rehearing Denied May 17, 1929.

W. R. Abernathy, of McKinney, for appellant.

J. M. Chandler, of Abilene, for appellee.

LESLIE, J. J. M. Provine instituted this suit in the district court of Taylor county against C. R. Miller Manufacturing Company, a corporation, whose residence was alleged to be in Dallas county, Texas, for a rescission and cancellation of a contract to purchase stock in said company, and, in the alternative, to recover the purchase price agreed to be refunded, as alleged under certain circumstances, for damages, etc. The defendant company filed its plea of privilege to be sued in Dallas county. This plea was duly controverted by the plaintiff. The plea was overruled, and the defendant company has perfected an appeal to this court.

The plaintiff, Provine, rests his right to venue in Taylor county upon grounds of fraud alleged to have been committed in that county by the defendant in its sale to him of shares of stock in the defendant company, and upon the further ground that the suit is against a private corporation on a cause of action

arising in whole or in part in Taylor county, Texas. This ground for venue is predicated upon subdivison 23, art. 1995, R. S., the general venue statute.

In the transacton it is alleged that the company's authorized agent made representations and statements to the plaintiff that were false and material in inducing the plaintiff to purchase the stock in question. Said representations and statements readily fall into two groups. The first consists of representations and statements pertaining to past and existing material facts, and the second consists of false promises to do some act in the future which it was alleged were material inducements to the plaintiff to enter into the contract to purchase said stock, etc. The last grounds of fraud have their foundation, apparently, in article 4004, R. S. 1925, wherein the Legislature attempted to define actionable fraud upon false promises.

In view of the contentions made, this court has carefully examined the statement of facts which consists solely of the testimony of the plaintiff, Provine. This testimony wholly fails to establish the falsity of the representations alleged. The witness did not attempt to go further than to state that such representations and statements were made, and this is not sufficient under the law, which clearly places upon the plaintiff in such cases the burden of proving—at least to the extent of a prima facie case—the falsity of the statements and representations alleged to constitute fraud and relied upon to establish an exception to exclusive venue in the county of the defendant's residence. Benson v. Jones, Chief Justice, et al. (Tex. Com. App.) 296 S. W. 865; Neyland et al. v. Benson (Tex. Civ. App.) 292 S. W. 251; Citizens' State Bank et al. v. Alexander (Tex. Civ. App.) 274 S. W. 184; Randals v. Green (Tex. Civ. App.) 258 S. W. 528; De Mars v. Montez (Tex. Civ. App.) 277 S. W. 402. The appellant's first proposition is sustained.

As above stated, the second group of statements relied upon as constituting fraud consists of promises and guaranties relating to the future. Article 4004, R. S., supra, evidences an effort upon the part of the Legislature to make such promises actionable fraud, and prescribe the quantum of proof. It is provided therein that, "whenever a promise thus made has not been complied with by the party making it within a reasonable time, it shall be presumed that it was falsely and fraudulently made, and the burden shall be on the party making it to show that it was made in good faith but was prevented from complying therewith by the act of God, the public enemy or by some equitable reason." By reference to the case of Clem v. Evans (Tex. Com. App.) 291 S. W. 871, 51 A. L. R. 1135, it will be seen that the above provision as to false promises and presumptions arising therefrom has been stricken down as unconstitutional in an opinion by the Commission of Appeals, which holding of the Commission was approved by the Supreme Court.

In so far as the plaintiff sought to hold the venue in the instant case in Taylor county, the burden rested upon him to prove that said promises and guaranties, when made, were false and made without any present intention on the part of the defendant to perform the same. Upon this material phase of the fraud issue, the plaintiff failed to discharge the burden cast upon him by law, as may be seen from the above authorities.

It is the settled law in Texas that, where a party makes a promise as an inducement to secure the execution of a contract with the present intention not to carry out the promise, the making of such promise, coupled with such present intention, is fraud, but in that connection it must be observed that the fact that the promises are not kept—standing alone—is no evidence that the promises were not intended to be kept. King v. Wise (Tex. Com. App.) 282 S. W. 570. Appellant's second proposition is sustained.

Appellee's contention that the suit is one against a private corporation on a cause of action arising in whole or in part in Taylor county is supported by the record, and this contention will be sustained. Subdivision 23, art. 1995, R. S., reading, "Suits against a private corporation * * * may be brought in any county in which the cause of action, or a part thereof, arose, * * *" has recently been held unconstitutional by the Austin Court of Civil Appeals in the following cases: Dublin Mill & Elev. Co. v. Cornelius, 5 S.W.(2d) 1027; Houston Lighting & Power Co. v. Jenkins, 5 S.W.(2d) 1030. Under these circumstances, the identical question has, in a like case, been certified by this court to the Supreme Court, and that court furnishes for our guidance the Commission of Appeals opinion in Grayburg Oil Co. v. N. P. Powell, 15 S.W.(2d) 542 (not yet [officially] reported), written in response to a similar question propounded by the Waco Court of Civil Appeals. The opinion in the Grayburg Oil Co. v. Powell Case holds said section of the venue statute valid and constitutional.

The question arising in that case being similar to the one here under consideration, the appellant's contention that said provision is unconstitutional is overruled, and the judgment of the trial court is affirmed.

It is so ordered.