## IDAR v. ALANIZ.

### No. 9335.

Court of Civil Appeals of Texas. San Antonio.

April 18, 1934.

Goodhue Weatherly, of Edinburg, for appellant.

J. W. Wilson, of Falfurrias, for appellee.

FLY, Chief Justice.

This suit was instituted by appellee to recover damages from appellant arising from a breach of contract to deliver certain printing machinery to appellee in Brooks county. Appellant sought to remove the cause of action from Brooks county to Webb county where he alleged he resided. His plea of privilege was overruled and this appeal is from the order of the court denying the plea of privilege.

This was a suit, as disclosed by the petition, on a contract alleged to have been made by appellant and appellee, whereby appellant sold certain printing machinery and apparatus to appellee, a portion of it being in Brooks county, and the balance was to be delivered by appellant to appellee in Brooks county. It was a plain suit on a contract which it was alleged appellant had breached, and as an incident to it, and without alleging the facts, appellee charged fraud. The allegations are indefinite, but it seems the only fraud consisted of a breach of the contract, and, of course, a mere breach of a con-

tract is not such fraud as would give venue to a different county from the one in which defendant resides. However that may be, appellant filed a plea of privilege which conformed in all respects to the statutory requirements and should have been granted unless there were clear and specific facts alleged in the controverting answer to the plea of privilege. Article 2007, Revised Statutes 1925; Shelton v. Thomas (Tex. Civ. App.) 11 S.W.(2d) 254.

The controverting affidavit, omitting the formal parts, was as follows:

"That this cause of action is based upon fraud committed by the defendant on the plaintiff in Brooks County, Texas; that defendant by false promises and false inducements, made to plaintiff in Brooks County, Texas, induced plaintiff to rent from defendant certain printing equipment as stated in plaintiff's petition and by false statements induced plaintiff to pay him certain money to secure printing property and machinery and agreed to deliver plaintiff property in consideration for such payment of money when as a matter of fact the defendant did not intend to deliver such property and did not deliver such property although plaintiff relied upon his representation that he would deliver such property and believed the same and was thereby defrauded out of money he had theretofore paid to the defendant to his great damage as prayed for in his petition.

"That this controverting plea is made under article 1995, subd. 7, of the Revised Statutes of 1925 of Texas."

An inspection of the controverting answer shows that there is no specific fact as to fraud alleged in the answer, but, in the most general terms, it was charged that fraud had been committed. We are left in doubt as to what constituted the fraud unless it was a breach of the contract, which in itself does not constitute fraud, such as is required to change the venue from the county of the residence of the defendant to another county.

We quote and indorse what was said by the Court of Civil Appeals, at Beaumont, in the case of Jacobson v. Berwick, 289 S. W. 1035, 1037, which is followed by the Court of Civil Appeals at Waco in the case of Shelton v. Thomas, supra:

"The rule is well settled that the party controverting the plea must allege and prove the facts necessary to clearly bring him within the exception claimed. No sort of allegations are to be found in the controverting plea showing an act on the part of appellant constituting trespass within the meaning of the statute, article 1995 (1830), Revised Statutes 1925, subd. 9. This would clearly render the controverting affidavit insufficient, but we will say that, in our opinion, if the allegations in the petition, which was not in any manner referred to as a part of the controverting affidavit nor attached thereto as an exhibit to be considered in connection therewith, are considered, we do not believe that they show any such act on the part of appellant as would, under the law, constitute trespass."

The plea of privilege should have been sustained and the cause transferred to Webb county, the residence of appellant.

It is the order of this court that the judgment refusing a change of venue be reversed and it is the order of this court that the venue of the case be changed from Brooks county to Webb county, and the clerk of the county court of Brooks county is hereby ordered to prepare the records as directed by statute and transfer them to the clerk of the county court of Webb county.

Reversed and rendered.