T. J. BUCKNER v. THE STATE.

No. 16510. Delivered April 18, 1934.
Appeal Reinstated May 23, 1934.

322

The opinion states the case.

*Ramey A. Smith,* of Sulphur Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is swindling; the punishment, a fine of twenty-five dollars.

No judgment of conviction is found in the record. It follows that this court is without jurisdiction.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

The information and complaint were drawn under subdivision 4 of art. 1546, Penal Code, in which the obtaining of money or other thing of value with intent to defraud, by the giving or drawing of any check, etc., is denounced as an offense.

The injured party, B. C. Hamm, operated a garage in Sulphur Springs, Texas. Appellant came to his place of business on the 31st of December, 1932, for the purpose of having his automobile repaired. Mr. Hamm bought approximately seven dollars worth of parts, which he used in repairing the car. At the time the automobile was delivered to appellant he gave Mr. Hamm a check for $25.50 to cover the new parts used on the car, and further to cover $1.15 in money. Mr. Hamm placed the check in the Sulphur Springs State Bank in order that it might be sent to Dallas to the Mercantile Bank & Trust Com-

pany of Texas, the bank upon which the check was drawn. The cashier of the Sulphur Springs bank mailed the check to the Mercantile Bank & Trust Company, and, in due course, it was returned unpaid. Testifying in his own behalf, appellant admitted writing the check. He testified, further, that the work on his car was unsatisfactory.

No one connected with the Mercantile Bank & Trust Company testified. The check was introduced in evidence. It bore a notation: "Insufficient Funds and Payment Stopped." Objection was made to the admission in evidence of the notation on said check on the ground that it was hearsay. This objection being overruled, the injured party was permitted to testify, over appellant's proper objection, that the check was marked "Payment Stopped. Insufficient Funds. No Account." Thereafter the assistant cashier of the Sulphur Springs bank testified, over appellant's objection, that the check was returned by the Dallas bank marked "Payment Stopped and Insufficient Funds." Under the holding in Holland v. State, 2 S. W. (2d) 248, we are constrained to hold that reversible error is presented. We quote from Holland's Case as follows:

"There is an entire absence of testimony as to the idenity of the person who made the notation of 'No Acct.,' without which notation a conviction could not be had. There is not even any evidence in the record to show that said check was ever forwarded to the Valley Bank of Phoenix, Ariz., or for that matter that it ever left El Paso. Who was the party who made this notation which is the State's main incriminating fact? Was he friend or foe? Did he have a motive for making same? Was the same true? Was the money in the bank originally and had same been improperly or erroneously charged to some other account? Had the account been garnisheed? None of these questions may have been in the case, but some of them may have been brought out as a fact on cross-examination, if such a right had been accorded the appellant. Instead, the unsworn statement of an unidentified and unknown person was introduced in evidence as a circumstance of guilt. His right of cross-examination was thus denied. The party who made the notation was not under oath. Appellant has been convicted upon an ex parte statement made in his absence without even knowing who gave the evidence against him.

"No citation of authorities is necessary to show that this statement on the check of 'No Acct.' was hearsay of the rankest kind under rules obtaining and in force since English jurisprudence had its birth."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.