### TEXAS STAR FLOUR MILLS v. VICTORIA WHOLESALE GROCERY, Inc.

### No. 10273.

Court of Civil Appeals of Texas. San Antonio.

March 30, 1938.

Levy & Levy and J. G. Howard, all of Galveston, for appellant.

E. L. Dunlap, of Victoria, for appellee.

SLATTON, Justice.

Victoria Wholesale Grocery, Inc., instituted this action in the district court of Victoria county, Tex., against Texas Star Flour Mills and Herbert Eichenberg for damages alleged to have resulted from misrepresentations made by Eichenberg as agent of Texas Star Flour Mills, which induced the grocery company to enter into a contract for the purchase of flour from the mills. Eichenberg was alleged to be a resident of Harris county, Tex., but was not before the court on account of failure of service. Texas Star Flour Mills filed its statutory plea of privilege, alleging its domicile to be Galveston county, Tex. Controverting affidavit was timely filed and alleged that the suit was based upon fraudulent misrepresentations made in Victoria county, Tex. After a hearing the trial court overruled the plea of the Flour Mills, hence this appeal.

The general manager of the grocery company was called as a witness upon the venue hearing and testified that Eichenberg, on or about the 7th day of January, 1936, came to the grocery company's place of business in Victoria county, Tex., soliciting business for the Flour Mills, and at that time the general manager explained to Eichenberg that he was obligated on other contracts to purchase all the flour needed by the grocery company for a period of 90 days, and that Eichenberg represented to him, for the purpose of inducing him to enter into a contract, that the grocery company would be permitted to cancel the contract with the Mills if the grocery company should be unable to relieve itself of outstanding contracts with other mills. He testified that the Flour Mills filed suit in the Fifty-Sixth district court of Galveston county, against the grocery company, on the 6th day of July, 1936, and in that suit the Mills sought damages for the refusal of the grocery company to accept delivery of the flour under the contract, and that after trial during the early part of January, 1937, judgment was entered in favor of the Texas Star Flour Mills against the Victoria Grocery Company, Inc., for the sum of $895, and costs amounting to $23.80, which amounts had been paid by the grocery company. The general manager further testified that the grocery company defended the suit against it in Galveston county, Tex., and that he gave substantially the same testimony in the defense of that suit as he gave on this hearing. The pleadings and the judgment of the Galveston suit were offered in evidence.

The appellant contends by several propositions that the trial court erred in overruling its plea of privilege. It will not be necessary for us to discuss all of them.

It is first insisted that the misrepresentations relied on by the appellee cannot form the basis for an action for fraud and deceit. In disposing of a like question this court, in the case of Tackett v. Cunningham et al., 91 S.W.2d 965, 968, speaking through Mr. Chief Justice Smith, said: "But the legal effect of a failure to perform a promise or agreement does not amount to actionable fraud, even by giving effect to all the court's findings in the case upon parol evidence tending to vary the terms of the written obligation. It might, under certain circumstances and conditions, justify an action for damages for breach of contract, but no more than that."

Here the oral promise of the Flour Mills, made through its agent, Eichenberg, was to allow a cancellation of a contract at some future date, and the failure to perform that promise does not amount to actionable fraud absent a showing that at the time it was made there was an intention not to perform that promise.

The evidence offered by the appellee is absent in another particular. There is no showing in this record that the grocery company could not relieve itself of other outstanding contracts with flour mills. This was one of the conditions upon which the promise was made. The record is barren of any evidence showing the inability of the grocery company to relieve itself of contracts with other mills.

For these reasons the order entered by the trial court overruling appellant's plea of privilege must be reversed.

It appears from the record before us that the grocery company in the suit tried in the district court of Galveston county, Tex., involved the same contract for the purchase of flour as here involved, and in the defense of that action the grocery company made the same defense as here attempted as a basis for its cause of action against the mills. The issues were determined against the grocery company and the judgment, together with costs, was discharged by payment.

We are of opinion that under the record as presented judgment must be here rendered that this cause be by the district clerk of Victoria county, Tex., transferred to the district court of Galveston county, Tex., in accordance with these instructions.

Reversed and rendered.