

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Morrison
Criminal District Attorney
Milam County
Cameron, Texas

Dear Sir:

Opinion No. O-3006
Re: Swindling-Worthless check
cases-venue.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The question presented is one of venue in Swindling by Worthless Check cases.

"Where a check is written in one county leaving the amount blank, and sent by an agent to another county to make a purchase with instructions and authority to fill in the check for the sum of the purchase, and this is done, the seller parting with title to personal property, and the check is dishonored, where does venue lie?

"My conclusion from a search of the authorities beginning with Sims vs. the State, 13 S.W. 653, and including Dechard vs. the State, 57 S.W. 813; Shelton vs. Thomas, 11 S. W. 2d 254; and Robertson vs. the State, 132 S. W. 2d 276; and Texas Juris., Vol. 12, p. 444, brings me to a belief that venue for the offense of Swindling lies in the county where the check is actually delivered to the seller and title to the property passes, and not in the county in which the check was written."

We have further information from you to the effect that the person who gave the check was a filling station operator in

NO COMMUNICATION IS TO BE CONSIDERED

A county who had authorized his employee and agent to purchase gasoline for him from the complaining witness, a refinery owner of B county, and authorized his employee to fill in the amount of the check. The check was given for the gasoline in B county and the gasoline was delivered in B county.

We quote from 12 Texas Jurisprudence, page 444, as follows:

"The place where a crime is consummated is often, in contemplation of law, the place where it is committed. For example, where the offense consists in selling an article or commodity, the venue is ordinarily in the county where delivery was made, although payment therefor had previously been made in another county, or the terms of the sale agreed upon elsewhere. And where the offense is consummated by purchasing and receiving an article, the venue is ordinarily in the county in which the article was purchased and delivered. * * *."

In the case of Sims vs. State, 13 S. W. 653, cited by you, appellant Sims was charged with swindling; the false representations were made in Eastland County but the property (a horse) was delivered to and was acquired by the appellant in Brown County. We quote from the court's opinion as follows:

"It is the acquisition of the property that completes the offense. In this case, no offense was committed in Eastland County, because the horse was not there acquired by the defendant."

The same principle of law is announced in the case of Dechard v. State, 57 S. W. 813, cited by you.

The case of Robertson v. State, 132 S. W. (2d) 276, cited by you, follows and cites the Sims and Dechard cases. In the Robertson case the appellant Robertson in Tarrant County, Texas telephoned fraudulent representations to the prosecuting witness in Harris County, Texas, where the prosecuting witness in reliance on the fraudulent representations delivered some rubber floor matting to a common carrier bus line for delivery to Robertson. Robertson was tried and convicted in Tarrant

County. The Texas Court of Criminal Appeals reversed the conviction and held that venue was in Harris County where the delivery of the floor matting was made since the property was transferred to Robertson by delivery into the possession of the carrier.

It is our opinion that the venue of the offense is in B county where the gasoline was delivered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 17, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Wm. J. Fanning
Assistant

WJF:RS

