**ALLIED FINANCE COMPANY, Appellant,**

**v.**

**Bud FOWLER, dba Bud Fowler Automobile Company, Appellee.**

**No. 10967.**

Court of Civil Appeals of Texas.

Austin.

May 23, 1962.

Locke, Purnell, Boren, Laney & Neely, J. L. Shook and John D. Crawford, Dallas, for appellant.

No briefs filed for appellee.

HUGHES, Justice.

This appeal is from an order overruling the plea of privilege filed by appellant, Allied Finance Company, a Texas corporation, to be sued in Dallas County where it has its principal office and principal place of business.

Appellee, who has filed no brief, is Bud Fowler, dba, Bud Fowler Automobile Company.

We copy, in full, all of the substantive allegations contained in appellee's controverting affidavit to appellant's plea of privilege.

"2. THAT this suit is bottomed on a written contract that was to be performed in whole or in part in Travis County, Texas, and under the provisions of Section 5 of Article 1995, V.A.T.R.C.S.1925, venue of such suit lies in Travis County, Texas; and,

"3. THAT this suit is based on allegations of fraud committed in Travis County, Texas, and under the provisions of Section 7 of Article 1995, V.A.T.R.C.S.1925, venue of such suit lies in Travis County; and,

"4. THAT the Defendant in this suit is a corporation; that the suit is one involving a cause of action, part of which arose in Travis County, Texas; that the Plaintiff resides in Travis County, Texas, the county in which a part of the matters in suit arose and in which Defendant has an agent or representative; and that under the provisions of Section 23 of Article 1995, V.A.T.R.C.S.1925, venue of such suit lies in Travis County, Texas."

This plea was sworn to by appellee's attorney. The plea did not incorporate by reference or otherwise, except as shown, the allegations of appellee's original petition, his only petition.

The only writing offered and received in evidence was appellant's Exhibit No. I, which is headed "Dealer's Application for Floor Plan Accommodation." It is signed by appellee and "Approved" by appellant. It expressly provides "All sums payable hereunder shall be due and payable at Dallas, Dallas County, Texas, and all obligations are performable in Dallas, Dallas County, Texas."

It is obvious that this is not a contract in writing performable in Travis County so as to fix venue there under Art. 1995, subd. 5, Vernon's Ann.Civ.St.

The allegations of fraud in the controverting plea are patently insufficient. The rule is that such plea must set out specifically the facts relied upon to confer venue in the county of suit. This is clearly the rule when such plea does not adopt the petition. Lawless v. Tidwell, Tex.Civ. App., 24 S.W.2d 515, Eastland Civil Appeals.

We have read appellee's petition and the statement of facts. There is no pleading of fraud. There is no evidence of fraud.

What we have said also disposes of appellee's effort to plead venue in Travis County under Subd. 23, Art. 1995, V.A.C.S., providing, in part, that in suits against a private corporation the suit may be brought in the county in which the cause of action or a part thereof arose. The controverting plea does not allege facts constituting a cause of action.

If the Trial Court had sustained appellant's plea of privilege it would have been an errorless judgment and we would have had no alternative but to affirm.

Since the case must be reversed, we are required to determine whether or not we should reverse and remand or reverse and instruct transfer of the case. See Rule 505, Texas Rules of Civil Procedure, Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792.

Appellee testified fully upon the hearing. He did not testify to any breach of the writing which the parties signed. Appellee testified that before this writing was signed

he told Mr. Davis, an agent of appellant, that the only thing that he was interested in was "a permanent connection or permanent contract" and Mr. Davis assured him that a "permanent" financing arrangement was the only worthwhile undertaking for the parties to make.

Appellee also testified that after execution of the writing he had this further oral agreement with appellant acting through its Mr. Davis in Travis County:

"A Well, I asked him at that time —of course, the agreement that he and I had worked out, he had told me this, that the signing of the contract was a formality for the home office, but the agreements were actually worked out between he and myself. In other words, that his Company had the utmost confidence in his ability to handle the situation down here, and the agreements—that our working agreement would be worked out strictly between he and I. I asked Mr. Davis at the time if it wouldn't be well to have an agreement between he—a written agreement between he and myself, and that is when he gave me this information that whatever he told me, the Company would go along with, and that he would give me his word as a gentleman that as far as they were concerned and as far as he was concerned, that this was a permanent working agreement.

\*　　\*　　\*　　\*　　\*　　\*

"Q And this subsequent agreement that you testified to, you maintain that was breached after it was made, by Mr. Davis saying that the first thing, that when he made the agreement with you, that it would go for an indefinite period, and then later he came in and just gave you five minutes?

"A That's right."

Appellee also testified that it was customary in the automobile business for financial arrangements of the type involved here to "go along for an indefinite period of time," and that it was "customary" to give ninety days notice if such financing is to be discontinued.

It is our opinion that a general remand of this case is not required in the interests of substantial justice to the parties.

Clearly the statements and understandings of the parties made prior to the writing were merged in it.

■ The agreement, if such it may be called, made subsequent to the writing to the effect that the financing would be "permanent" and for an "indefinite" period is lacking in that degree of certainty required for valid, enforceable contracts.

It is accordingly ordered that the judgment of the Trial Court is reversed and this cause is remanded with instructions to sustain appellant's plea of privilege and to transfer the suit to any civil District Court of Dallas County in accordance with Rule 89, T.R.C.P.

Reversed and remanded with instructions.