**Billy G. UNDERWOOD, Appellant,**

v.

**George WILLIAMS, Jr., Appellee.**

No. 17362.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 15, 1972.

**516**

Marvin Jones, Dallas, for appellant.

John L. Sullivan and Jack Gray, Griffin, Shelton & Eames, and Mike Griffin and Robert N. Eames, Denton, for appellee.

———◆———

## OPINION

BREWSTER, Justice.

The defendant, Underwood, here appeals from the trial court's order overruling his plea of privilege to be sued in Dallas County where he lives.

The plaintiff, Williams, argued in his controverting plea and in his appellee's brief that venue of the case was properly in Tarrant County under Subdivisions 7, 9 and 9a of Art. 1995, Vernon's Ann.Civ.St.

The petition alleged:

"III.

"On or about March 19, 1971, the defendant, BILLY G. UNDERWOOD, acting by and through his ranch manager, DUB DALE, duly authorized to so act, exhibited to the Plaintiff, GEORGE WILLIAMS, JR., for purposes of sale to said Plaintiff, nineteen (19) quarter horses, represented to be registered with said American Quarter Horse Association; plaintiff purchased said horses for the sum of $5,000.00, and paid said Defendant, BILLY G. UNDERWOOD, said sum of $5,-000.00 . . . . At the time of said sale, *and as a part of the consideration therefor, it was . . . agreed that the Defendant would transfer the registration on said quarter horses*, to the Plaintiff, or his assigns, under said rules and regulations of the American Quarter Horse Association. Plaintiff relied upon said representations in the purchase of said horses, . . . and plaintiff would not have purchased said horses nor paid for the same . . . but for his . . . reliance upon said representations. (Emphasis ours.)

" . . .

"V.

"Defendant, BILLY G. UNDERWOOD, has unconditionally refused to comply with his contractual obligation to sign the necessary papers for transfer of registration of said quarter horses, . . . and has fraudulently demanded that the Plaintiff pay him large sums of money, in addition to the purchase price of said horses, in order to secure his signature on said registration papers.

"VI.

"Plaintiff, GEORGE WILLIAMS, JR., due to said fraudulent representations and

demands of the Defendant, BILLY G. UNDERWOOD, has sustained large monetary losses, and expenses, in addition to damage to his business and professional reputation. He has heretofore sold said horses in good faith, and has been unable to comply with the terms of said sales, because of the defendant's said fraudulent representations and demands. Plaintiff, by reason of his being the innocent victim of defendant's said fraud is also subject to multiple suits for damages by his purchasers of said horses, and was then, and is being harassed, embarrassed and humiliated, because of said fraud of defendant.

#### "VII.

"Plaintiff . . . has heretofore also paid Defendant . . . the sum of $340.00 for stud service fees, but the Defendant . . . has . . . refused to sign the breeder's certificate, showing such stud service, which is required as a condition to registration of the foals . . . causing Plaintiff damage . . . .

#### "VIII.

"By reason of such fraudulent acts and omissions of said defendant, BILLY G. UNDERWOOD, in connection with the sale of said horses, and the rendition of said stud breeding service, the Plaintiff, GEORGE WILLIAMS, JR., has sustained actual damages in the sum of $5,340.00, being the amount paid for said horses and said breeding service, plus his additional expense in cataloging and advertising said horses for sale, and in selling said horses. Further, by reason of said fraud, and the wilful and malicious nature of said intentional wrongs to the Plaintiff, Plaintiff is further entitled to recover exemplary damages from the defendant in the sum of not less than $7,500.00, for all of which actual and exemplary damages Plaintiff herein sues."

In defendant's three points of error he contends that the trial court erred in holding that plaintiff's pleadings and evidence were sufficient to make out either a case of fraud under Subdivision 7, or a case of crime or trespass under Subdivision 9, or a case of negligence under Subdivision 9a of Art. 1995, V.A.C.S.

We sustain all of defendant's points of error.

The plaintiff's strongest argument to keep venue in Tarrant County can be made with reference to Subdivision 7.

Subdivision 7, Art. 1995, V.A.C.S., provides: "In all cases of fraud . . . suit may be brought in the county where the fraud was committed or . . . where the defendant has his domicile."

It is settled that Subdivision 7 applies only in instances where the cause of action is clearly based upon fraud and that it does not apply where the fraud is just incidental to the main cause of action sued upon. Morgan v. Box, 449 S.W.2d 499 (Dallas, Tex.Civ.App., 1969, no writ hist.); Stegall v. Lytle, 360 S.W.2d 898 (San Antonio, Tex.Civ.App., 1962, no writ hist.); Murray v. Frankland, 347 S.W.2d 374 (Houston, Tex.Civ.App., 1961, no writ hist.); and Bateman v. McGee, 50 S.W.2d 374 (Dallas, Tex.Civ.App., 1932, no writ hist.).

In order to be able to keep venue of this case in a county other than that of defendant's residence under Subdivision 7 of Art. 1995, V.A.C.S., the plaintiff had the burden of both pleading and proving a cause of action for fraud, within the meaning of said Subdivision 7, and that such fraud was committed in the county of suit. Stegall v. Lytle, supra; Morgan v. Box, supra; A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939); and C. R. Miller Mfg. Co. v. Provine, 17 S.W.2d 128 (Eastland, Tex.Civ.App., 1929, no writ hist.).

An examination of plaintiff's petition reveals that he does not allege or claim that defendant misrepresented any past or existing fact as a basis for an action for fraud.

The basis of his suit is his allegation that a part of the contract whereby the horses were purchased from defendant was defendant's promise or agreement that he would transfer the registration of such horses to the plaintiff or to his assigns and that defendant has failed and refused to carry out his promise or agreement relative to the transfer of such certificates thereby causing plaintiff damage.

In his appellee's brief filed in this Court the plaintiff stated the following on page 1: ". . . Plaintiff . . . filed suit . . . seeking damages which resulted from the refusal of Appellant to transfer the registration of certain quarter horses which Appellee had purchased from Appellant and for his refusal to furnish a breeder's certificate in connection with a mare which was bred to one of Appellant's stud horses."

██ In our opinion the plaintiff's petition in this case did not allege a cause of action for fraud within the meaning of Subdivision 7 of Art. 1995, V.A.C.S. He simply pleaded a suit for breach of contract in that he pleaded the making of a promise and a breach thereof. A mere failure to perform an agreement does not constitute actionable fraud. Texas Star Flour Mills v. Victoria Wholesale Grocery, 115 S.W.2d 500 (San Antonio, Tex.Civ.App., 1938, no writ hist.); Johnston v. Bracht, 237 S.W.2d 364 (San Antonio, Tex.Civ.App., 1951, no writ hist.); and Idar v. Alaniz, 70 S.W.2d 756 (San Antonio, Tex.Civ.App., 1934, no writ hist.).

██ Before a promise to do something in the future can be made the basis of an actionable fraud such promise must have been made with the promisor intending at the very time the promise was made not to carry it out. Stegall v. Lytle, supra; Morgan v. Box, supra; Murray v. Frankland, 347 S.W.2d 374 (Houston, Tex.Civ. App., 1961, no writ hist.); Texas Star Flour Mills v. Victoria Wholesale Grocery, supra; Johnston v. Bracht, supra; C. R. Miller Mfg. Co. v. Provine, supra; Turn-

er v. Biscoe, 141 Tex. 197, 171 S.W.2d 118 (1943); and Lyon v. Gray, 265 S.W. 1094 (Amarillo, Tex.Civ.App., 1924, no writ hist.).

In the absence of an allegation in the petition that defendant intended, at the time he made the promise, not to carry it out, no cause of action for fraud with reference to that promise was alleged. No such allegation was present in plaintiff's petition.

The conclusions we have stated are not altered by the fact that in the plaintiff's petition the word "fraud" or the phrase "fraudulent misrepresentations" appear at several different places. For instance plaintiff alleged in substance that defendant refused to comply with the contract to sign the necessary transfer papers and "fraudulently" demanded that plaintiff pay him added large sums of money. He also alleged that due to the "fraudulent representations and demands" plaintiff suffered damages. He then later alleged that by reason of said fraud and the wilful and intentional wrongs to plaintiff that plaintiff is entitled to recover exemplary damages.

The Supreme Court of Texas while dealing with a question like the one we have here said in the case of Baines v. Mensing et al., 75 Tex. 200, 12 S.W. 984 (1889) the following: "The petition alleges substantially that plaintiff had a very advantageous contract with defendants, . . . which they refused to perform. The facts he sets up can amount to nothing more. The general averments that they induced him to make the contract with a fraudulent intent to ruin his business, . . . or that their acts were done in the furtherance of a scheme to ruin him . . . such general averments do not set up fraud in a legal sense. Merely to characterize an act as fraudulent does not make it a good allegation of fraud. . . . it was nothing more than a breach of a contract . . . . No amount of mere denunciation of it as a fraud could make it so. The facts constituting the fraud must be

alleged. If a failure of defendants to comply with the alleged agreement constituted a fraud, because it was so denominated . . . and because it resulted disastrously to plaintiff's business, there is no reason why the breach of any contract, . . . would not be fraudulent, or made so by mere abstract allegation."

The holding of the Baines case has been followed down to the present time and is still the law in Texas. See Morgan v. Box, 449 S.W.2d 499, supra; McLaughlin v. Shannon, 3 Tex.Civ.App. 136, 22 S.W. 117 (1893, no writ hist.); Oakes & Witt v. Thompson, 58 Tex.Civ.App. 364, 125 S.W. 320 (1910, no writ hist.); Idar v. Alaniz, supra; Beale v. Cherryhomes, 21 S.W.2d 65 (Fort Worth, Tex.Civ.App., 1929, no writ hist.); and Allied Finance Company v. Fowler, 358 S.W.2d 239 (Austin, Tex. Civ.App., 1962, no writ hist.).

■ Even if a plaintiff has an actionable case of fraud against a defendant, if instead of suing him on it the plaintiff elects, as he did here, to sue the defendant for damages for breach of contract instead, the plaintiff waives the fraud as a fact fixing venue. Caprock Machinery Company v. Boswell, 318 S.W.2d 669 (Amarillo, Tex.Civ.App., 1958, writ dism.); Texarkana Water Supply Corp. v. L. E. Farley, Inc., 353 S.W.2d 885 (Houston, Tex.Civ. App., 1962, no writ hist.); and Dowell v. Long, 219 S.W. 560 (Texarkana, Tex.Civ. App., 1920, no writ hist.).

We have carefully examined the pleadings and the evidence and also hold that the plaintiff neither pleaded nor proved facts sufficient to entitle him to maintain venue of this suit in Tarrant County under either Subdivisions 9 or 9a of Art. 1995, V.A.C.S.

The trial court's judgment is reversed and judgment is here rendered sustaining defendant's plea of privilege and the case is ordered transferred to a District Court of Dallas County.